**Robert OWENS, Plaintiff,**

v.

**RYDER SERVICES CORPORATION, et al., Defendants.**

**No. 94–AR–1513–S.**

United States District Court, N.D. Alabama, Southern Division.

Feb. 27, 1996.

C. Michael Quinn, Deborah A. Mattison, Sandra B. Reiss, Gordon Silberman Wiggins & Childs, Birmingham, AL, for Robert Owens.

Richard E. Smith, Valerie T. Kisor, Rives & Peterson, Birmingham, AL, for Ryder Services Corp. and Commercial Carriers, Inc.

## *MEMORANDUM OPINION*

ACKER, District Judge.

The court has for consideration the petition of plaintiff, Robert Owens, for an award of attorneys fees and expenses. Defendants, Ryder Services Corporation and Commercial Carriers, Inc., resist the said petition, claiming, first, that plaintiff was not a prevailing party within the meaning of 29 U.S.C. § 794a(b), and, second, that the petition seeks entirely too much.

■ Plaintiff accepted defendants' Rule 68, F.R.Civ.P., offer of judgment in the amount of $20,000.00, plus accrued costs, in this action brought under the Americans with Disabilities Act ("ADA"). Plaintiff then filed a claim for an attorneys fee and expenses approximating $45,000.00. The court has already denied defendants' motion to withdraw their Rule 68 offer for mistake and has entered judgment in favor of plaintiff for $20,-000.00, plus costs, which include statutory attorneys fees, if any. The court has empathy for defendants who, in fact, did not anticipate the unfortunate result of their Rule 68 offer, but the court cannot let empathy control its decision-making.

The court has no difficulty in finding that plaintiff is a "prevailing party" and is therefore entitled to a reasonable attorneys fee and expenses. The question becomes, "What is a reasonable attorneys fee in an ADA case in which the recovery pursuant to a Rule 68 offer is $20,000.00?" The court has no reason to doubt seriously the number of lawyer-hours worked by plaintiff's lawyers, although the time spent does not seem commensurate with the results obtained. The court does not have the fee auditing capability that the more sophisticated clients of today have acquired. The court recognizes that the ADA is a relatively new statute, and, further, that some of the lawyer-hours were occasioned by an unsuccessful mediation attempt. If the lawyer-hours expended in unsuccessful mediation are counted in the lodestar analysis, there will either be a lot more mediation or a lot less. The lodestar may become the mother lode. This court doubts that a defendant would want to engage in mediation knowing that the attorneys fee virtually always looms large in the settlement process. It is manifest, from the record in this case, if not from judicial knowledge, that the fight over attorneys fees more often than not stands in the way of achieving a reasonable settlement. The pursuit of lawyer compensation too often runs into or over the primary object, i.e., to obtain appropriate client relief.

The court has no reason to doubt the hourly rates proposed by plaintiff's lawyers as the hourly rates they charge in civil rights cases, their specialty. The court respectfully doubts that these rates are regularly charged to the firm's clients in other types of matters. For instance, this court simply cannot swallow $135.00 per hour against a party who did not employ the young, inexperienced attorney who clerked for this court only a year ago. If this court could charge $135.00 per hour for the time it could spend in writing opinions explaining why $135.00 per hour is too much for a first-year associate, this court could get rich and might undertake such a daunting task. The task would be more labor intensive than the shepherding of this case to a favorable surprise ending was for plaintiff's counsel. This court finds it unnecessary in this case to work that hard.

■ In *Phillips v. Smalley Maintenance Services, Inc.*, 711 F.2d 1524 (11th Cir.1983), the Eleventh Circuit was called upon to review the awarding of an attorney's fee of a mere $7,500.00 in a Title VII case. The

appellant-employer there claimed that the trial court abused its discretion in awarding such an exorbitant fee. It is obvious that the inflation in attorneys fees between 1983 and 1996 has far outstripped the general rate of inflation. However, the principle enunciated in the "penny ante" *Phillips* case has not changed. The Eleventh Circuit there said:

> *The fact that the attorneys' fees award is larger than the back pay award in a Title VII action does not necessarily* indicate an abuse of discretion. "Although the amount of back pay awarded may be considered in fashioning an attorneys' fees award, *the court must also consider the impact the case will have on the law and on other affected persons." Taylor v. Jones,* 653 F.2d 1193, 1206 n. 12 (8th Cir.1981), citing *Johnson v. Georgia Highway Express,* 488 F.2d [714] at 718 [ (5th Cir.1974) ].

*Phillips,* 711 F.2d at 1531 (emphasis supplied).

■ In this court's view, no great precedent or broad impact has resulted from this Rule 68 judgment, unless it teaches defendants a lesson about Rule 68. In fact, plaintiff squeaked by on what might be called a technicality. It would be grossly unfair for the lawyers who "won" under these circumstances to get over twice as much money as their client gets. Therefore, this court heeds the Eleventh Circuit's admonition in *Phillips* that an attorneys fee award larger than the back pay award "does not *necessarily* indicate an abuse of discretion" and concludes, by indirection or necessary implication, that while there certainly are cases in which an attorney's fee *can* exceed the amount of the recovery itself, this case is not one of them. The amount of the recovery and the case impact are important considerations. In this case, it might well constitute an abuse of discretion to award to plaintiff's attorneys more than plaintiff receives. Therefore, exercising its discretion, the court will trim the attorneys fees and expenses claimed to the sum of $20,000.00, meaning that defendants still must pay twice what they actually intended by their Rule 68 offer.

An appropriate, separate order will be entered.

DONE.