102 F.3d 56
 72 Fair Empl.Prac.Cas. (BNA) 948,
69 Empl. Prac. Dec. P 44,464, 65 USLW 2438
 Susan Q. BRIDGES; Virginia D'Aponte; and Kimberly Muryasz,
Plaintiffs-Appellees-Cross-Appellants,
v.
EASTMAN KODAK COMPANY; Thomas A. Walker; John Kucik;
Michael French; Kevin Cash; Mary Heaphy; and
David Offenhartz, as Supervisors,
Agents, and Employees of
Eastman Kodak
Company, Defendants,
Yourdon, Inc., Defendant-Appellant-Cross-Appellee.
 Nos. 334, 908, Dockets 96-7250, 96-7220.
 United States Court of Appeals,
Second Circuit.
 Argued Nov. 12, 1996.
Decided Dec. 10, 1996.
 
 Mark A. Gerard, Nixon, Hargrave, Devans & Doyle, Garden City, NY (Thomas G. Dignan, Nixon, Hargrave, Devans & Doyle, Garden City, NY, of counsel), for Defendant-Appellant-Cross-Appellee.
 Lawrence Solotoff, Solotoff & Solotoff, Great Neck, NY (Cheryl E. Solotoff, Henry S. Kramer, Solotoff & Solotoff, Great Neck, NY, of counsel), for Plaintiffs-Appellees-Cross-Appellants.
 Richard T. Seymour, Lawyers' Committee for Civil Rights Under Law, Washington, DC; Judith L. Lichtman, Donna R. Lenhoff, Helen L. Norton, Women's Legal Defense Fund, Washington, DC, submitted a brief for amici curiae Lawyers' Committee for Civil Rights Under Law, and Women's Legal Defense Fund.
 Before: OAKES, McLAUGHLIN, and CABRANES, Circuit Judges.
 McLAUGHLIN, Circuit Judge:
 
 
 1
 The United States District Court for the Southern District of New York (Robert L. Carter, Judge ), awarded Susan Bridges, Virginia D'Aponte and Kimberly Muryasz ("Plaintiffs") substantial attorney's fees and costs following their successful Title VII (and related state law) action against Yourdon, Inc. ("Yourdon"). See Bridges v. Eastman Kodak Co., No. 91 Civ. 7985, 1996 WL 47304 (S.D.N.Y. Feb. 6, 1996). Yourdon now appeals, arguing that the attorney's fees award is excessive and, with respect to Bridges, improper. Plaintiffs cross-appeal, challenging the district court's reduction of their requested amount.
 
 BACKGROUND
 
 2
 Plaintiffs worked at Yourdon, where their male co-workers subjected them to frequent foul and sexist language and lewd gestures. Eventually, the three women quit. They then sued Yourdon, Eastman Kodak Company, and several individuals in the United States District Court for the Southern District of New York, under Title VII of the Civil Rights Act of 1964, see 42 U.S.C. § 2000e ("Title VII"), and the New York Human Rights Law, see N.Y.Exec.Law § 296(1)(a) ("Human Rights Law"), alleging both "hostile environment" and "quid pro quo" sexual harassment. Plaintiffs sought many millions of dollars in damages.
 
 
 3
 The court held a jury trial on Plaintiffs' state claims, and a (concurrent) bench trial on their Title VII claims. The jury: (1) awarded Bridges $11,214.64 in back pay and $20,000.00 in compensatory damages, but then subtracted the entire $11,214.64 of back-pay because she had failed to mitigate damages, resulting in a total award to Bridges of $20,000.00; (2) awarded D'Aponte $12,043.61 in back pay and $25,000.00 in compensatory damages, totaling $37,043.61; and (3) awarded Muryasz $10,385.66 in back pay and $50,000.00 in compensatory damages, totaling $60,385.66.
 
 
 4
 The court echoed the jury's findings with respect to Plaintiffs' Title VII claims, finding that each of the women had been sexually harassed as defined by federal law. The court found Yourdon liable under Title VII for D'Aponte's and Muryasz's back-pay--totalling $22,429.27--but did not actually award any further monetary relief to avoid a double recovery (because Plaintiffs had already collected back-pay under the New York Human Rights Law).
 
 
 5
 Plaintiffs moved for attorney's fees and costs pursuant to 42 U.S.C. § 2000e-5(k). They requested $1,185,569.30. The district court found that all three women were "prevailing parties" entitled to attorney's fees and costs. Adjusting for certain hours and tasks that the court found unchargeable, and slightly reducing Plaintiffs' attorneys' requested hourly rates, the court awarded Plaintiffs $753,202.99 in attorney's fees and costs.
 
 
 6
 Yourdon now appeals, arguing that the district court erred in: (1) holding that Bridges was eligible at all for attorney's fees and costs; (2) failing to reduce the attorney's fees award for Plaintiffs' limited success; and (3) failing to reduce the award for further excessive hours and tasks. The Plaintiffs cross-appeal, arguing that the district court improperly reduced the amount of their attorney's fees and costs. We affirm across the board, and write only to address Bridges' eligibility for attorney's fees and costs.
 
 DISCUSSION
 
 7
 To be eligible for attorney's fees and costs under § 2000e-5(k), a plaintiff (or a defendant) must be a "prevailing party." 42 U.S.C. § 2000e-5(k); see also Lyte v. Sara Lee Corp., 950 F.2d 101, 103 (2d Cir.1991). A plaintiff prevails when she "succeeds 'on any significant issue in litigation which achieves some of the benefit the part[y] sought in bringing suit.' " Carroll v. Blinken, 42 F.3d 122, 129 (2d Cir.1994) (alteration in original) (quoting Farrar v. Hobby, 506 U.S. 103, 109, 113 S.Ct. 566, 572, 121 L.Ed.2d 494 (1992)[1]); see also Marbley v. Bane, 57 F.3d 224, 234 (2d Cir.1995). A plaintiff "succeeds"--and hence "prevails"--"when actual relief on the merits of [her] claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." Farrar, 506 U.S. at 111-12, 113 S.Ct. at 573; see also Texas State Teachers Ass'n v. Garland Indep. Sch. Dist., 489 U.S. 782, 792-93, 109 S.Ct. 1486, 1494, 103 L.Ed.2d 866 (1989) ("[t]he touchstone of the prevailing party inquiry must be the material alteration of the legal relationship of the parties in a manner which Congress sought to promote"); Carroll, 42 F.3d at 129.
 
 
 8
 We are aware that a plaintiff pressing federal civil rights claims often combines these claims with related state-law claims. This results in many permutations and combinations of relief. The plaintiff may succeed on all, some, or none of her federal claims, while succeeding on all, some, or none of her state claims. On each winning claim, the plaintiff may achieve several forms of relief (e.g., money damages, nominal damages, injunctions compelling or preventing certain future action, or declaratory relief). Accounting for full or partial settlements, alternative holdings, and reversals on appeal, it often becomes difficult to discern when a plaintiff has "prevailed."
 
 
 9
 It seems to be settled that "a plaintiff who loses on the merits of [her] federal civil rights claim is not a 'prevailing party' for purposes of an award of attorney's fees ... even if [she] prevails on a related pendent state law claim." National Org. for Women v. Operation Rescue, 37 F.3d 646, 653-54 (D.C.Cir.1994) (emphasis added); see also Kelly v. City of Leesville, 897 F.2d 172, 177 (5th Cir.1990).
 
 
 10
 Bridges, however, has not lost on the merits of her federal claim. Rather, she has secured: (1) a favorable judgment on the merits--but no damages because of her failure to mitigate--under Title VII; and (2) a favorable judgment on the merits, and substantial damages, under the New York State Human Rights Law. We conclude that this constitutes sufficient success to make Bridges a "prevailing party" eligible for attorney's fees and costs under § 2000e-5(k).
 
 
 11
 In Milwe v. Cavuoto, 653 F.2d 80 (2d Cir.1981), we held that a plaintiff who received only nominal damages on her federal constitutional claim, but substantial damages on a related state-law assault claim, was eligible for attorney's fees on the basis of her state-law-claim success. Milwe, 653 F.2d at 84. Distinguishing Milwe in a later case, see Russo v. State of New York, 672 F.2d 1014 (2d Cir.1982)--where the plaintiff had won damages on a state-law malicious prosecution claim, but lost on his federal civil rights claim--we noted that "[t]he important point about Milwe is that the civil rights issue was heard and decided in plaintiff's favor." Id. at 1022 n. 5.
 
 
 12
 Here, Bridges' federal civil rights claim was heard, and it was decided in her favor. She also won a substantial monetary award under her related state-law claim. That is to say, she obtained "relief on the merits of [her] claim[s]" which, by compelling Yourdon to pay actual damages, "materially alter[ed] the legal relationship between the parties," Farrar, 506 U.S. at 111-12, 113 S.Ct. at 573, and through which she has "achieve[d] some of the benefit [she] sought in bringing suit," id. at 109, 113 S.Ct. at 572. Bridges is therefore a "prevailing party" eligible for attorney's fees and costs. See Aubin v. Fudala, 782 F.2d 287, 290-91 (1st Cir.1986); Williams v. Thomas, 692 F.2d 1032, 1036 (5th Cir.1982).
 
 
 13
 In arguing that Bridges is not a prevailing party, Yourdon relies heavily on Farrar 's statement that "a judicial pronouncement that the defendant has violated the [plaintiff's rights], unaccompanied by an enforceable judgment on the merits, does not render the plaintiff a prevailing party. Of itself, 'the moral satisfaction [that] results from any favorable statement of law' cannot bestow prevailing party status." Farrar, 506 U.S. at 112-13, 113 S.Ct. at 573-74 (quoting Hewitt v. Helms, 482 U.S. 755, 762, 107 S.Ct. 2672, 2676, 96 L.Ed.2d 654 (1987) (alteration in original)). We find this caution from Hewitt inapposite. First, Bridges has obtained more than Hewitt 's "interlocutory ruling" (later lost in the course of litigation resulting in a judgment against the plaintiff). See Hewitt, 482 U.S. at 760, 107 S.Ct. at 2675-76. Indeed, she has obtained exactly what the Hewitt Court called for: an actual favorable judgment requiring Yourdon to pay damages. Second, neither Farrar nor Hewitt dealt with a plaintiff who had achieved substantial success--and a large monetary award--on pendent state-law claims.
 
 
 14
 Yourdon also believes that the district court should have reduced the attorney's fees award for Plaintiffs' limited success. See Hensley v. Eckerhart, 461 U.S. 424, 436, 103 S.Ct. 1933, 1941, 76 L.Ed.2d 40 (1983). And, both Yourdon and Plaintiffs take issue with the district court's reductions in Plaintiffs' requested amount.[2] We have reviewed the judgment and the record (which reveals the lengthy and contentious history of the litigation), and have considered all the arguments raised by the parties. We find that the district court did not abuse its discretion in any respect. See Hensley, 461 U.S. at 437, 103 S.Ct. at 1941 ("the district court has discretion in determining the amount of a fee award" because of its "superior understanding of the litigation and the desirability of avoiding frequent appellate review of what essentially are factual matters" ); American Fed'n of State, County and Mun. Employees v. County of Nassau, 96 F.3d 644, 650 (2d Cir.1996).
 
 CONCLUSION
 
 15
 We find that Bridges is a "prevailing party" eligible for attorney's fees under § 2000e-5(k). The judgment of the district court is AFFIRMED.
 
 
 
 [1]
 In Farrar, the Supreme Court dealt not with § 2000e-5(k), but with the Civil Rights Attorney's Fees Awards Act of 1976, see 42 U.S.C. § 1988. But, Congress intended that § 2000e-5(k) and § 1988 follow similar standards. See S.Rep. No. 1011, 94th Cong., 2d Sess. 3-4, reprinted in 1976 U.S.C.C.A.N. 5908, 5912; see also Walker v. Anderson Elec. Connectors, 944 F.2d 841, 846 n. 10 (11th Cir.1991). Cases decided under § 1988 (and other similar attorney's fees provisions) " 'therefore are authoritative in the Title VII context,' " Reed v. A.W. Lawrence & Co., 95 F.3d 1170, 1183 n. 16 (2d Cir.1996) (quoting Lyte, 950 F.2d at 103); see also Hensley v. Eckerhart, 461 U.S. 424, 433 n. 7, 103 S.Ct. 1933, 1939 n. 7, 76 L.Ed.2d 40 (1983)
 
 
 [2]
 The district court reduced Plaintiffs' requested amount in part to reflect: excessive hours; duplication of efforts; clerical and administrative tasks; travel time; time spent cancelling depositions and requesting extensions; and excessive legal research. Over Yourdon's objections, the court allowed time spent on matters concerning non-appearing defendants, and time spent on state law claims. The court also reduced Plaintiffs' attorneys' requested hourly rate. See Bridges, 1996 WL 47304 at * 3-12