Dennis FOSTER, Plaintiff,

v.

**KINGS PARK CENTRAL SCHOOL DISTRICT, Defendant.**

**No. CV 95–5254(ADS).**

United States District Court,
E.D. New York.

June 28, 1997.

Law Office of Raymond Nardo, Mineola, NY, for Plaintiff.

Ingerman & Smith, L.L.P., Northport, NY by Anna M. Scricca, for Defendant.

## MEMORANDUM OF DECISION AND ORDER

SPATT, District Judge:

This employment discrimination case arises from the claims of the plaintiff, Dennis Foster ("Foster" or the "plaintiff"), that the defendant, Kings Park Central School District (the "School District" or "defendant") unlawfully discriminated against him on the basis of his disability and age when it refused to hire him for several different positions, including "Superintendent of Buildings and Grounds" and "custodial cleaner." Presently before the Court is the plaintiff's motion for attorney's fees and costs pursuant to Fed. R.Civ.P. 54(d)(2). The issue presented by Foster's motion is relatively narrow, namely, whether he is entitled to an award of attorney's fees after accepting the School District's offer of judgment pursuant to Fed. R.Civ.P. 68.

### I. *Background*

The relevant facts are straightforward. According to the amended complaint, the plaintiff seeks an award of damages as the result of the defendant's allegedly unlawful age and disability discrimination under the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq., the Rehabilitation Act of 1973, 29 U.S.C. § 794, the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq., and related state law. The age discrimination claims were subsequently discontinued by stipulation of the parties.

On April 10, 1997, the defendant served an offer of judgment on the plaintiff pursuant to Fed.R.Civ.P. 68, stating:

Pursuant to the Federal Rules of Civil Procedure, defendant hereby offers to allow judgment to be taken against it in this action, in the amount of FOURTEEN THOUSAND and NO/100 dollars ($14,-000.00), together with costs accrued to date. The offer of judgment is made for the purposes specified in Rule 68, and is not to be construed either as an admission that the defendant is liable in this action, or that the plaintiff has suffered any damage.

On April 18, 1997, plaintiff accepted the offer. According to the defendant, during a phone conversation, it became "apparent" that attorney's fees would not constitute part of the "costs accrued" which would be added to the $14,000 figure. These "costs" were nominal, including film and subpoena fees. The plaintiff denies that any such discussion took place, labeling "such an assertion [as] insulting."

In any event, on May 6, 1997, Foster faxed and mailed a letter to the School District seeking attorney's fees in the amount of $14,-070 and costs in the sum of $1,533.55. The defendant rejected the application, taking the position that the plaintiff is not entitled to attorney's fees.

As set forth above, presently before the Court is the plaintiff's motion for an award of attorney's fees an costs pursuant to Fed. R.Civ.P. 54(d)(2). In the motion, the plaintiff requests the sums set forth above, namely $14,070 in attorney's fees and $1533.55 in costs, plus a additional $2,985 in attorney's fees incurred in bringing this motion.

## II. *Discussion*

■ In general, the "American Rule", as applied in the federal courts is that each party bears its own attorney's fees. *Marek v. Chesny,* 473 U.S. 1, 8, 105 S.Ct. 3012, 3016, 87 L.Ed.2d 1 (1985). However, since the ·1930's, certain exceptions to this rule have arisen including those prescribed by Congress. *Id.,* citing, 47 U.S.C. § 407 (providing for an award of attorney's fees under the Communications Act of 1934); 45 U.S.C. § 153(p) (providing for attorney's fees under the Railway Labor Act); 17 U.S.C. § 40 (providing for attorney's fees under the Copyright Act of 1909). In Rule 54(d)(2), the mechanism for obtaining such an award is set forth, providing that, in general, "[c]laims for attorneys' fees and related nontaxable expenses shall be made by motion ..." and "must specify the judgment and the statute, rule, or other grounds entitling the moving party to the award" Fed.R.Civ.P. 54(d)(2)(A), (B).

### A. *Attorney's fees as part of costs under Rule 68*

■ The plaintiff alleges that he is entitled to a award of attorney's fees pursuant to Fed.R.Civ.P. 68 an the relevant employment discrimination statutes. Rule 68 provides:

At any time more than 10 days before the trial begins, a party defending against a claim may serve upon the adverse party an offer to allow judgment to be taken against the defending party for the money or property or to the effect specified in the offer, *with costs then accrued.* If within 10 days after the service of the offer the adverse part serves written notice that the offer is accepted,˙either party may then file the offer and notice of acceptance together with proof of service thereof and thereupon the clerk shall enter judgment.... If the judgment finally obtained by the offeree is not more favorable than the offer, the offeree must pay the costs incurred after the making of the offer....

Fed.R.Civ.P. 68 (emphasis added). The purpose of Rule 68 is to encourage settlement and avoid litigation. *Marek,* 473 U.S. at 5, 105 S.Ct. at 3014–15. Further, the term "costs," as applied in Rule 68 refers "to all costs properly awardable under the relevant substantive statute or other authority." *Id.* at 9, 105 S.Ct. at 3016. Accordingly, where the "statute defines 'costs' to include attorney's fees, ... such fees are to be included as cost for purposes of Rule 68." *Id.* As a result, Rule 68 cost include attorney's fees provided for under civil right statutes, such as 42 U.S.C. § 1988, which provides that prevailing party is entitled to an award of attorney's fee "as part of the costs." *Marek,* 473 U.S. at 9–11, 105 S.Ct. at 3016–18; *Chambers v. Manning,* 169 F.R.D. 5, 8 (D.Conn.1996) ("Attorney's fees are included in costs only when the underlying statute so define them"). This rule applies with equal force to employment discrimination statutes containing similar provisions. *See Lyte v. Sara Lee Corp.,* 950 F.2d 101, 103 (2d Cir. 1991) (applying *Marek* under Title VII, which provides at 42 U.S.C. § 2000e–5(k) that the court may award a reasonable attorney's fees "as part of the costs"). Courts in other jurisdiction have applied these principles to cases brought pursuant to the Americans with Disabilities Act. *See Webb v. James,* 172 F.R.D. 311 (N.D.Ill.1997); *Robins v. Scholastic Book Fairs,* 928 F.Supp. 1027, 1030–31 (D.Or.1996); *Owens v. Ryder Servs. Corp.,* 918 F.Supp. 366, 367 (N.D.Ala. 1996).

■ Another important principle in this field is that offers of judgment are to be construed according to ordinary contract principles. *Goodheart Clothing Co. v. Laura Goodman Enterprises, Inc.,* 962 F.2d 268, 272 (2d Cir.1992); *Christian v. R. Wood Motors, Inc.,* No. 91–CV–1348 1995 WL 238981 at * 6 (N.D.N.Y. Apr. 21, 1995). Where the writing is plain and unambiguous on its face, its meaning must be derived from the four corners of the document. If the writing is subject to more than one interpretation however, the terms are ambiguous. This determination is made by reference to the contract alone. Interpretation of the contract is a question of law and the Court should undertake its analysis in a way that ascribes meaning to all its terms. *Goodheart Clothing,* 962 F.2d at 272–73.

■ Applying these standards, the Court now turns to the plaintiff's motion. With respect to attorney's fees, the Americans with Disabilities Act provides that a prevailing party may be awarded a "reasonable attorney's fee, including litigation expenses, and costs." 42 U.S.C. § 12205; *Greenway v. Buffalo Hilton Hotel*, 951 F.Supp. 1039, 1068 (W.D.N.Y.1997). This language is somewhat different than that contained in 42 U.S.C. § 1988, applicable in section 1982 cases, and 42 U.S.C. § 2000e–5(k), applicable in Title VII cases, both of which define attorney's fees "as part of costs." While in most situations this distinction would see irrelevant, in the context of Foster's motion it is critical. In *Marek*, the Supreme Court reasoned that "[s]ince Congress expressly included attorney's fees as 'costs' available to plaintiff in a § 1983 suit, such fees are subject to the cost shifting provision of Rule 68." *Marek*, 473 U.S. at 9, 105 S.Ct. at 3016–17. Consistent with this logic, where attorney's fees are not explicitly included as a part of costs within the statute, courts decline to award such fees as a part of costs under Rule 68. *See Chambers*, 169 F.R.D. at 8 (holding that where the relevant statute provides for an award of "costs ... together with [rather than part of] a reasonable attorney's fee" the fee does not constitute part of Rule 68 costs). Accordingly, the Court finds that the plaintiff is not entitled to an award of attorney's fees under the ADA. *See Marek*, 473 U.S. at 23, 105 S.Ct. at 3023–24 (Brennan, J., dissenting) (recognizing the distinction between statutes providing that attorney's fees are part of costs, and those that do not); *Shorter v. Valley Bank & Trust Co.*, 678 F.Supp. 714, 721 (N.D.Ill.1988) ("attorney's fees are not Rule 68 costs if the underlying statute does not award them as costs").

In reaching this conclusion, the Court recognize that the three cases cited above, namely *Webb*, 172 F.R.D. 311; *Robins*, 928 F.Supp. at 1030–31; *Owens*, 918 F.Supp. at 367, seem to reach a contrary conclusion. However, none of those decisions address the language of the ADA in light of *Marek*. Accordingly, since those decisions are not binding precedent, the Court declines to follow them.

A review of the provisions of the Rehabilitation Act however, leads to the opposite conclusion. Under the Rehabilitation Act, a prevailing party may be awarded "reasonable attorney's fee as part of the costs." 29 U.S.C. § 794a(b). This language mirrors that contained in Section 1988 and Title VII, which the Supreme Court and the Second Circuit recognize entitle a prevailing party who accepts a offer of judgment to attorney's fees. Accordingly, if the plaintiff is a prevailing party, and, the language of the accepted offer of judgment by its terms does not provide to the contrary, then he is entitled to a reasonable award of attorney's fees.

### B. *The School District's offer of judgment*

■ As set forth above, interpretation of an offer of judgment is governed by ordinary contract principles. *Goodheart Clothing*, 962 F.2d at 272. The defendant's offer of judgment provides for an award of $14,000 plus costs. The offer however, "is not to be construed either as an admission that the defendant is liable in this action, or that the plaintiff has suffered any damage." According to the School District "by inclusion of this no liability language, it [the School District] understood that the offer did not include attorney's fees." As a result, the defendant argues that there could be no meeting of the minds on this issue, and therefore, no binding agreement to award attorney's fees. The Court disagrees.

■ As *Marek* plainly states, where a statute provides that attorney's fees are part of costs, then fee applications will be permitted pursuant to a Rule 68 offer of judgment. Waiver of the right to attorney's fees must be "clear and unambiguous." *Erdman v. Cochise Cty.*, 926 F.2d 877, 880–81 (9th Cir. 1991); *see Chambers*, 169 F.R.D. at 8 ("[c]ourts should thus require that fee waivers be especially clear, lest they chill the representation that the legislature has chosen to promote"). With respect to offers of judgment, "a defendant should state his intentions clearly, and any failure to do so will be at his peril." *Chambers*, 169 F.R.D. at 8; *Said v. Virginia Commonwealth Univ./Med. College of Va.*, 130 F.R.D. 60, 63 (E.D.Va.

1990) ("the Rule 68 offeree... entitled to construe the offer's terms strictly, and courts should be reluctant to allow the offeror's extrinsic evidence to affect that construction").

Interpreting the terms of the defendant's offer of judgment strictly, the Court finds that the language disclaiming an admission of liability will not operate as a bar to the plaintiff's application for attorney's fees. By her own affidavit, defense counsel states that she has been admitted to practice law since 1977 and has "substantial experience in the field of employment litigation." Consistent with this representation, the Court finds that if the School District intended that its offer of judgment would operate as a bar to a subsequent application for attorney's fees, it should have expressly and clearly stated such intentions. Accordingly, the defendant's Rule 68 offer of judgment by its terms will not operate as a waiver of an application for attorney's fees.

## C. *Prevailing party status*

The final issue in this determination of whether an award of attorney's fees is appropriate is whether the plaintiff qualifies as a "prevailing party." In *Bridges v. Eastman Kodak Co.*, 102 F.3d 56 (2d Cir.1996), the Second Circuit stated that a plaintiff is a prevailing party when he or she succeeds "on any significant issue" in the litigation which achieves some of the benefit the party sought in bringing the suit. *Id.* at 58, quoting, *Carroll v. Blinken*, 42 F.3d 122, 129 (2d Cir.1994) (internal quotation omitted); *Farrar v. Hobby*, 506 U.S. 103, 109, 113 S.Ct. 566, 571–72, 121 L.Ed.2d 494 (1992); *Marbley v. Bane*, 57 F.3d 224, 234 (2d Cir.1995). A plaintiff succeeds "when actual relief on the merits of [the] claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff.'" *Bridges*, 102 F.3d at 58, quoting, *Farrar*, 506 U.S. at 111–12, 113 S.Ct. at 572–73; *Texas State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 792–93, 109 S.Ct. 1486, 1493–94, 103 L.Ed.2d 866 (1989). The success must be more than "technical" or "de minimis." *Lyte*, 950 F.2d at 103. Where there are multiple claims, only sone of which give rise to a claim for attorney's fees, parsing out an appropriate fee award may prove difficult. *See Bridges*, 102 F.3d at 58. These rules apply to cases which conclude with the plaintiff's acceptance of a Rule 68 offer of judgment. *See Lyte* at 103–04.

The School District argues that the $14,000 settlement offered to the plaintiff represents nothing more than nuisance value, and as such, is de minimis. As a result, it contends that Foster should not be entitled to an award of attorney's fees. In support of its position, the defendant notes that the plaintiff seeks $14,070 in fees, exclusive of costs. Based on the fact that the fee application is for an amount slightly greater than the settlement, the School District concludes that "[i]t is apparent that the Plaintiff received no monetary benefit from the offer of judgment." Again, the Court disagrees.

Indeed, in *Lyte*, the Second Circuit found that an offer of judgment in the amount of $9500 in an employment discrimination case was sufficient to warrant an award of attorney's fees. Indeed in an unpublished decision, this Court awarded more than $51,000 in attorney's fees in a civil rights case where the plaintiff obtained a jury verdict in the total amount of $15,440. *See Bezerra v. County of Nassau*, CV 93–2204(ADS) (E.D.N.Y. Dec. 14, 1996). There are no circumstances present in this case that would warrant deviating from this precedent. Accordingly, the Court finds that the $14,000 award in this case is not "de minimis."

In reaching this conclusion, the Court notes that the School District repeatedly states that its position throughout this litigation has been that Foster's claims have been frivolous. The defendant even went so far as to move for sanctions under Rule 11. In the Court's view however, this contention must be rejected. As set forth above, the test is whether the plaintiff achieved success on "any significant issue." Consistent with the Second Circuit's decision in *Lyte*, and a plethora of similar authority, the Court answers this question in the affirmative.

Further, the defendant argues that, by and large, the plaintiff's claims were

without merit, resulting in many of them being ultimately discontinued by stipulation of the parties. Fee awards however, should not necessarily be reduced in proportion to the number of successful related claims. *Hensley v. Eckerhart*, 461 U.S. 424, 433–34, 103 S.Ct. 1933, 1939–40, 76 L.Ed.2d 40 (1983); *Lunday v. City of Albany*, 42 F.3d 131, 134–35 (2d Cir.1994); *Cowan v. Prudential Ins. Co.*, 935 F.2d 522, 525–26 (2d Cir. 1991). Accordingly, where a civil rights litigant in good faith raises alternative grounds for a desired outcome, "the court's rejection of or failure to reach certain grounds is not a sufficient reason for reducing a fee." *Hensley*, 461 U.S. at 435, 103 S.Ct. at 1940; *Valmonte v. Bane*, 895 F.Supp. 593, 600 (S.D.N.Y.1995). As a result, the Court declines to apply this argument to defeat Foster's prevailing party status or to reduce his fees.

In making this determination, the Court considered the case of *Fisher v. Kelly*, 105 F.3d 350 (7th Cir.1997) cited by the School District. In *Fisher*, during a pretrial conference, the plaintiff rejected a settlement offer of $10,000. A week later she accepted an offer of judgment in the amount of $7,500. The offer of judgment, similar to the one at issue, stated that nothing in the offer should be take as an admission of liability. The district court denied the plaintiff's subsequent motion for attorney's fees finding that Fisher's victory was "technical or de minimis" because the matter was settled for nuisance value. The Seventh Circuit affirmed, noting that the plaintiff was not a prevailing part because the settlement was for nuisance value, and, in addition, the offer of judgment disclaimed any liability.

▮ This case is distinguishable from *Fisher* in several respects. Initially, the Court has already determined that the amount of the settlement in this case was not de minimis. Further, unlike the facts in *Fisher*, the $14,000 figure contained in the offer of judgment was not accepted after a higher settlement offer was rejected. Finally, the Court notes that the mere fact that the offer of judgment contained a disclaimer of liability will not necessarily insulate the School District against a motion for attor-

ney's fees. For example, in *Stefan v. Laurenitis*, 889 F.2d 363 (1st Cir.1989) the First Circuit was confronted with an offer of judgment containing a disclaimer similar to that in Fisher and in this case. Notwithstanding the express denial of liability, the court looked to the totality of the circumstances and determined that the plaintiff's fee application was appropriate. *Id.* at 369. This Court follows the rationale in *Stefan* and determines that Foster is entitled to an award of attorney's fees.

### D. *The fee award*

The plaintiff moves for an award of $14,070 in attorney's fees and $1,533.55 in costs for expenses and costs incurred prior to the service of the offer of judgment, and an additional sum of $2,985 in fees for expenses incurred as a result of litigating this motion. The attorney's fee application represents a total of 113.7 hours of legal work at a rate of $150 per hour. The School District challenges both, the hourly rate and the time spent as excessive. The Court will treat each of these issues separately.

### 1. *Lodestar amount*

▮ The amount of an attorney's fee in a civil case is determined by the "lodestar" method. *See Blanchard v. Bergeron*, 489 U.S. 87, 94, 109 S.Ct. 939, 944–45, 103 L.Ed.2d 67 (1989); *Cruz v. Local Union No. 3, IBEW*, 34 F.3d 1148, 1159 (2d Cir.1994). This method requires the court to determine the fee by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate. *Blanchard*, 489 U.S. at 94, 109 S.Ct. at 944–45; *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546 563, 106 S.Ct. 3088, 3097, 92 L.Ed.2d 439 (1986). A reasonable attorney's fee is:

one calculated on the basis of rates and practices prevailing in the market, *i.e.*, "in line with those [rates] prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation," and one that grants the successful civil rights plaintiff a "fully compensatory fee," comparable to what is "tra-

ditional with attorneys compensated by a fee paying client."

*Missouri v. Jenkins,* 491 U.S. 274, 286, 109 S.Ct. 2463, 2471, 105 L.Ed.2d 229 (1989) (citations omitted); *see also Blum v. Stenson,* 465 U.S. 886, 895–96 & n. 11, 104 S.Ct. 1541, 1547–48 & n. 11, 79 L.Ed.2d 891 (1984).

The product of reasonable hours multiplied by a reasonable rate does not end the inquiry. *Hensley v. Eckerhart,* 461 U.S. 424, 434, 103 S.Ct. 1933, 1939–40, 76 L.Ed.2d 40 (1983). In considering an adjustment to the lodestar calculation in order to arrive at a "reasonable" fee in a civil rights case, the district court may consider the twelve factors set forth in *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714, 717–19 (5th Cir. 1974). These factors are: (1) the time and labor required; (2) the novelty and difficulty of the question; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorney; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Id.*

However, many of these factors are subsumed within the initial lodestar calculation. Thus, in *Blum,* the Supreme Court held that the novelty and complexity of the issues, the quality of representation, the special skill and experience of counsel, and the results obtained are factors fully reflected in the lodestar calculation and cannot serve as independent bases for adjusting the basic fee award. *Blum,* 465 U.S. at 898–900, 104 S.Ct. at 1548–50; *see also Delaware Valley Citizens' Council,* 478 U.S. at 564–65, 106 S.Ct. at 3097–98; *United States Football League v. National Football League,* 887 F.2d 408, 415 (2d Cir.1989), *cert. denied,* 493 U.S. 1071, 110 S.Ct. 1116, 107 L.Ed.2d 1022 (1990).

In determining the amount of an attorney's fee, the prevailing parties "are entitled to reasonable hourly rate which fall within the prevailing marketplace rates in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Cruz,* 34 F.3d at 1159; *New York State Nat'l Org. for Women v. Terry,* 737 F.Supp. 1350, 1361 (S.D.N.Y. 1990), *aff'd in part, rev'd in part on other grounds,* 961 F.2d 390 (2d Cir.1992) (citations omitted). In determining the lodestar figure, the "community" to which the district court should look is the district in which the court sits. *Cruz,* 34 F.3d at 1159.

In other cases this Court has determined that base upon the type of work performed and the experience of the attorneys, the following rates are fair and reasonable: for partners, $200 per hour, and in the extraordinary case, $225 per hour; for associates, $135 per hour, although these rates may vary based on the experience and expertise of the individual. *See, e.g., Luciano v. Olsten Corp.,* 925 F.Supp. 956 (E.D.N.Y.1996), *aff'd,* 109 F.3d 111 (2d Cir.1997) ($225 per hour for partners, $135 per hour for associates); *Stryker Corp. v. Intermedics Orthopedics, Inc.,* 898 F.Supp. 116 (E.D.N.Y.1995) (generally awarding $200 for partners and $135 for associates); *Cabrera v. Fischler,* 814 F.Supp. 269, 288 (E.D.N.Y.1993), *aff'd in relevant part,* 24 F.3d 372 (2d Cir.1994), *cert. denied,* 513 U.S. 876, 115 S.Ct. 205, 130 L.Ed.2d 135 (1994).; *Nu–Life Constr. Corp. v. Board of Educ.,* 795 F.Supp. 602, 606 (E.D.N.Y.1992), *aff'd in relevant part,* 28 F.3d 1335, 1342 (2d Cir.1994) (hourly rates of $200 for partners and $135 for associates). These hourly rates have been upheld by the Second Circuit as being within the discretion of the Court. *See Cruz,* 34 F.3d at 1160; *Nu–Life,* 28 F.3d at 1342; *Cabrera,* 24 F.3d at 393.

The amount of the award however, must ultimately be determined on the facts of the particular case. *Hensley,* 461 U.S. at 429, 103 S.Ct. at 1937. Here, the plaintiff has requested $150 per hour. In the Court's view, this hourly rate of compensation is appropriate. While Foster's counsel has been admitted to practice law in New York only since 1991, he was an associate for two years in one of Long Island's most seasoned labor law firms. The plaintiff's counsel then started his own practice where he spends

more than half his time on labor and employment law matters. He has also published two articles employment discrimination. In the Court's view, counsel's background and experience, and the circumstances of this case, warrant an hourly fee of $150.

### 2. *Time spent*

Central to an application for attorney's fees is the submission of time records reflecting the hours expended by counsel in pursuing the successful claims of the client. In order for a party to recover attorney's fees, such time records must be made contemporaneously with the associated work. *Lewis v. Coughlin*, 801 F.2d 570, 577 (2d Cir.1986). It is not necessary for the applicant to submit the actual diary entries made by his attorney at the time she performs the work. Rather, reconstruction of such contemporaneous records on a computer and billing based on these records is adequate. *Cruz*, 34 F.3d at 1160. However, what is important is that "[t]hese records should specify, for each attorney, the date, the hours expended, and the nature of the work done." *New York State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1148 (2d Cir. 1983). "The burden is on counsel to keep and present records from which the court may determine the nature of the work done, the need for it, and the amount of time reasonably required; where adequate contemporaneous records have not been kept, the court should not award the full amount requested." *F.H. Krear & Co. v. Nineteen Named Trustees*, 810 F.2d 1250, 1265 (2d Cir.1987) (applying New York State law and noting that the Second Circuit rule is similar to that of New York); *see also Soler v. G & U, Inc.*, 801 F.Supp. 1056 (S.D.N.Y.1992).

Further, as set forth above, the fees should no necessarily be reduced in proportion to the amount recovered. *Cowan*, 935 F.2d at 525–26. Rather, the inquiry is whether the plaintiff's successful and unsuccessful claims are sufficiently related, namely whether they arose out of common core of facts or involved related legal theories. *Dailey v. Societe Generale*, 915 F.Supp. 1315, 1329 (S.D.N.Y.1996). Because the Court finds that all of Foster's claims involve related theories and a common core of facts regarding the School District's repeated failure to hire him based unlawful age and disability discrimination, the fee will not be adjusted downward. *See id.* at 1329–30 (collecting cases).

Foster presents both his contemporaneously maintained handwritten time sheets, and printed versions of the same. A review of the plaintiff's time sheets demonstrates that counsel has not appeared to spend an inordinate amount of time on any single task. Accordingly, based on the requested hourly rate and the time spent, the plaintiff's motion for $14,070 in attorney's fees is granted.

### 3. *Costs*

The School District attacks the plaintiff's application for costs related to depositions, totaling $1,368.55, arguing that such costs are not "normally recoverable." Deposition transcripts may be a recoverable cost where the transcripts are "necessarily obtained." 28 U.S.C. § 1920(2). The Second Circuit has recognized that allowance of deposition costs is "plainly a matter for the discretion of the District Court, and may not be disturbed in appeal." *Mailer v. RKO Teleradio Pictures, Inc.*, 332 F.2d 747, 749 (2d Cir.1964); *In re Air Crash Disaster*, 687 F.2d 626, 631 (2d Cir.1982). Applying this standard, in the exercise of its discretion, the Court permits the recovery of the costs associated with the taking of the depositions. Although the depositions were never used at trial, it appears that discovery had either been completed or was near completion at the time of the disposition of the lawsuit. The offer of judgment came immediately prior to either a potential summary judgment motion or the trial. In either case, the transcripts would be a vital part of the proceedings. *See Marcoin, Inc. v. Edwin K. Williams & Co., Inc.*, 88 F.R.D. 588, 592 (E.D.Va.1980) (depositions necessary for trial preparation are taxable costs). As a result, Foster's application for costs, in the total amount of $1533.55, is granted.

### 4. *Attorney's fees in relation to this motion*

In his reply papers, Foster seeks an additional sum of $2,985 in attorney's fees

for 19.9 hours spent in bringing this motion. Although time expended in obtaining attorney's fees is generally compensable, an offer of judgment may obviate such fees where the waiver, as set forth above, is clear and unambiguous. *Guerrero v. Cummings,* 70 F.3d 1111, 1113 (9th Cir.1995); 13 Moore's Federal Practice § 68.05[5] (1997) ("a Rule 68 offer accepted by the plaintiff may contain language, either the Rule's 'costs then accrued' as of the time of the offer, or other terms, that can be interpreted to exclude any fees incurred after the time of the offer ...").

Applying this standard to the offer of judgment at issue, the Court finds that by accepting the offer, the plaintiff has waived any right to attorney's fees incurred after such acceptance. The offer of judgment in this case expressly states that the settlement is for $14,000 "together with costs accrued to date." In the Court's view, this language is sufficiently clear so as to bar an award for attorney's fees subsequently incurred, such as the $2,985.00 in attorney's fees for the time involved in this motion. Accordingly, Foster's application to recover attorney's fees incurred in bringing this motion is denied.

### III. *Conclusion*

Having reviewed the parties' submissions, and hear oral argument, and for the reasons set forth above, it is hereby

ORDERED, that the plaintiff's motion for costs, including attorney's fees incurred prior to the offer judgment, is granted and the defendant is directed to pay the plaintiff the sum of $14,070 in attorney's fees and $1533.55 in costs; and it is further

ORDERED, that the plaintiff's motion for attorney's fees incurred in bringing this motion, is denied.

SO ORDERED.