Angela COLLINS, et al., Appellants,

v.

MINNESOTA SCHOOL OF
BUSINESS, INC.,
Respondent.

No. C7–01–690.

Court of Appeals of Minnesota.

Dec. 10, 2001.

Mark V. Steffenson, Scott A. Wold, Henningson & Snoxell, Ltd., Brooklyn Center, for appellants.

John G. Westrick, Tammy L. Merkins, Westrick & McDowall–Nix, PLLP, St.

Paul; and Albert A. Garcia, Jr., David L. McCormick, Garcia & Associates, PA, Minneapolis, for respondent.

Considered and decided by WILLIS, Presiding Judge, LANSING, Judge, and HARTEN, Judge.

## OPINION

WILLIS, Judge.

Appellants challenge the district court's denial of attorney fees under the Minnesota private-attorney-general statute, arguing that they are entitled to fees because their statutory causes of action benefited the public. By notice of review, respondent argues that (1) the offer of judgment is unenforceable and (2) appellants cannot recover attorney fees because appellants cannot show that they prevailed on their statutory claims. Because we conclude that the offer of judgment is enforceable and that appellants were the prevailing parties in their statutory claims, we affirm on those issues. But because the district court erred in denying in its entirety appellants' request for attorney fees under the private-attorney-general statute, we reverse in part and remand for a determination of reasonable attorney fees.

## FACTS

Appellants are 21 former students of respondent Minnesota School of Business. In March 1997, appellants sued respondent for claimed damages arising out of their enrollment in respondent's sports-medicine-technician program. Appellants claimed they were induced to enroll in respondent's program as a result of statements that were false, misleading, and confusing. Appellants' complaint alleged (1) fraud, (2) negligent misrepresentation, (3) breach of contract, and (4) violations of the Prevention of Consumer Fraud Act, the

False Statement in Advertisement Act, and the Deceptive Trade Practices Act.

Before trial, respondent made an offer of judgment for $200,000 "together with any cost and disbursement allowed by the District Court." Appellants accepted the offer and filed an application with the district court for an award of costs and disbursements, including attorney fees, under the private-attorney-general statute, Minn. Stat. § 8.31, subd. 3a (2000).

Appellants sought $135,920.75 in costs and disbursements, of which $128,832 represented attorney fees. The district court awarded $7,088.75 in costs and disbursements and denied appellants' request for attorney fees. This appeal follows.

## ISSUES

I. Is respondent's offer of judgment enforceable?

II. Did appellants prevail on their statutory claims?

III. Did the district court abuse its discretion in denying in its entirety appellants' request for attorney fees under the private-attorney-general statute?

## ANALYSIS

### I.

Rule 68 offers of judgment are to be construed according to ordinary contract principles. *See Goodheart Clothing Co. v. Laura Goodman Enter's, Inc.*, 962 F.2d 268, 272 (2d Cir.1992); *Stinson v. Clark Equipment Co.*, 473 N.W.2d 333, 335 (Minn.App.1991) (holding that "a valid Rule 68 offer of judgment, when accepted, is a contract") (citations omitted), *review denied* (Minn. Sept. 13, 1991). Where the offer of judgment is plain and unambiguous on its face, "its meaning must be derived from the four corners of the document." *Foster v. Kings Park Central Sch. Dist.*, 174 F.R.D. 19, 23 (E.D.N.Y.1997). Interpretation of a contract is a question of law, which this court reviews de novo. *See Empire State Bank v. Devereaux*, 402 N.W.2d 584, 587 (Minn.App.1987).

In *Marek v. Chesny*, 473 U.S. 1, 9, 105 S.Ct. 3012, 3016, 87 L.Ed.2d 1 (1985), the Supreme Court held that when a statute provides that "costs" include attorney fees, then attorney fees are to be included as costs for purposes of rule 68.[1] Waiver of the right to attorney fees "must be clear and unambiguous." *See Foster*, 174 F.R.D. at 24 (citing *Erdman v. Cochise Cty.*, 926 F.2d 877, 880–81 (9th Cir.1991)). When a party makes an offer of judgment, the party "should state his intentions clearly, and any failure to do so will be at his peril." *Chambers v. Manning*, 169 F.R.D. 5, 8 (D.Conn.1996).

Respondent offered to allow judgment to be entered against it and in favor of appellants in the amount of $200,000, "together with any cost and disbursement allowed by the District Court." Respondent contends that it did not intend for its offer to include attorney fees. But the private-attorney-general statute, Minn. Stat. § 8.31, subd. 3a (2000), the statute under which appellants sought attorney fees, provides that an injured party may "recover damages, together with costs and disbursements, including costs of investigation and reasonable attorney's fees." The plain wording of the statute leads to the conclusion that, for purposes of the private-attorney-general statute, "costs and disbursements" include attorney fees. If respondent intended that its offer of

---

1. Federal rule 68 is substantially similar to Minnesota's rule 68, although the federal rule uses the term "costs," while the Minnesota rule uses "costs and disbursements." *See* Fed.R.Civ.P. 68; Minn. R. Civ. P. 68.

judgment would not include attorney fees, it had to expressly and clearly state such an intention. *See Foster*, 174 F.R.D. at 24; *Chambers*, 169 F.R.D. at 8. Respondent's offer of judgment is clear and unambiguous on its face, it does not operate to exclude attorney fees, and it was accepted by appellants during the ten-day period when it was irrevocable. Therefore, respondent's offer of judgment is enforceable.

## II.

Respondent also contends that appellants are not entitled to attorney fees because they cannot show that they prevailed on their statutory claims. Respondent argues that because appellants brought three common-law claims, which do not authorize an award of attorney fees, and three statutory claims, which do authorize an award of attorney fees, it is impossible to determine on which claims appellants prevailed, and, therefore, attorney fees are not recoverable.

We find no Minnesota cases that address the issue of whether a party has prevailed on all claims when the party accepts an offer of judgment in a suit involving multiple claims, and particularly, whether such a party is entitled to attorney fees when, as here, some of its claims authorize an award of attorney fees and some do not. But a federal district court has addressed this issue. *See Foster*, 174 F.R.D. 19. In *Foster*, the plaintiff filed suit against his employer for unlawful age and disability discrimination under the American with Disabilities Act, 42 U.S.C. § 12101; the Rehabilitation Act of 1973, 29 U.S.C. § 794; the Age Discrimination in Employment Act, 29 U.S.C. 621; and related state law. *See Foster*, 174 F.R.D. at 22. The employer served an offer of judgment, offering to allow judgment to be entered against it in the amount of $14,000, "with costs accrued to date," and the plaintiff accepted the offer. *Id.* The plaintiff moved for an award of attorney fees and costs. *Id.*

The court in *Foster* noted that the term "costs," as applied in rule 68 offers of judgment, refers "to all costs properly awardable under the relevant substantive statute," and "where the statute defines costs to include attorney's fees, \* \* \* such fees are to be included as cost for purposes of Rule 68." *Id.* at 23 (quoting *Marek*, 473 U.S. at 9, 105 S.Ct. at 3016). The court determined that the American with Disabilities Act did not authorize an award of attorney fees but that under the Rehabilitation Act, a prevailing party may be awarded reasonable attorney fees as part of the costs. *See* 29 U.S.C. § 794a(b) (2000). In determining whether the plaintiff qualified as a prevailing party, the court stated:

> Where there are multiple claims, only some of which give rise to a claim for attorney's fees, parsing out an appropriate fee award may prove difficult.

*Foster*, 174 F.R.D. at 25 (citing *Bridges v. Eastman Kodak Co.*, 102 F.3d 56, 58 (2d Cir.1996)). The court concluded by stating that the rules regarding whether a party is a "prevailing party" apply "to cases which conclude with the plaintiff's acceptance of a Rule 68 offer of judgment." *Foster*, 174 F.R.D. at 25. The court determined that the plaintiff was entitled to an award of attorney fees.

■ We find *Foster* to be instructive here. Although appellants brought multiple claims and only some of those claims authorize an award of attorney fees, appellants were the prevailing parties when they accepted respondent's offer of judgment, and they are entitled to an award of attorney fees under the private-attorney-general statute.

Costs and disbursements are only awarded to prevailing parties. *See* Minn. Stat. §§ 549.02,.04 (2000) (providing that prevailing party in lawsuit is entitled to recover costs and disbursements from non-prevailing party); *see also Borchert v. Maloney,* 581 N.W.2d 838, 840 (Minn.1998) (holding that for purposes of determining entitlement to award of costs and disbursements, "[t]he prevailing party in any action is one in whose favor the decision or verdict is rendered and judgment entered."); *Quade & Sons Refrigeration, Inc. v. Minn. Mining & Mfg. Co.,* 510 N.W.2d 256, 260 (Minn.App.1994), *review denied* (Minn. Mar. 15, 1994). Here, the district court did not make a specific finding that appellants were the prevailing parties. But the circumstances imply such a determination: judgment was entered for appellants; the district court awarded appellants $7,088.75 in costs and disbursements; and the district court denied appellants' request for attorney fees, not on the ground that they were not prevailing parties but because the court found that their cause of action had not benefited the public at large. Further, the district court made no finding that appellants were the prevailing parties on some of their claims but not on others, and the offer of judgment does not offer judgment to be entered on some claims but not on others.

We conclude that the district court determined that appellants were the prevailing parties, that this determination was not error, and that appellants were the prevailing parties on all of their claims.

## III.

■ Appellants argue that the district court erred by denying their request for attorneys fees under the private-attorney-general statute on the ground that their statutory causes of action did not benefit the public. A district court's decision on whether to award attorney fees will not be reversed absent an abuse of discretion. *See State by Humphrey v. Alpine Air Prods.,* 490 N.W.2d 888, 896 (Minn.App. 1992), *aff'd,* 500 N.W.2d 788 (Minn.1993).

■ The private-attorney-general statute provides that "any person injured by a violation of any of the laws referred to in subdivision 1," including the Prevention of Consumer Fraud Act, Minn.Stat. §§ 325F.68-.70 (2000); the False Statement in Advertisement Act, Minn.Stat. § 325F.67 (2000); and, indirectly, the Deceptive Trade Practices Act, Minn.Stat. § 325D.44 (2000); "may bring a civil action and recover damages, together with costs and disbursements, including * * * reasonable attorney's fees." Minn.Stat. § 8.31, subds. 1, 3a. The statute permits an award of attorney fees "only to those claimants who demonstrate that their cause of action benefits the public." *Ly v. Nystrom,* 615 N.W.2d 302, 314 (Minn. 2000).

■ We conclude that the district court abused its discretion by denying appellants' request for attorney fees in its entirety. Respondent promoted its sports-medicine-technician program through television advertisements and sales presentations. As a result of appellants' lawsuit, respondent stopped its television advertisements and changed the program's name and curriculum. Although we find no published Minnesota cases that set forth a standard for determining whether a party's cause of action benefits the public, as required by *Ly,* we note that federal courts have consistently held that the prevention of false or misleading advertising is a public benefit. *See, e.g., Hot Wax, Inc. v. Turtle Wax, Inc.,* 191 F.3d 813, 826 (7th Cir.1999) (recognizing public interest in prevention of misleading advertisements); *Transclean Corp. v. Bridgewood Servs., Inc.,* 134 F.Supp.2d 1049, 1056

(D.Minn.2001) (stating that public interest is furthered by elimination of deceptive advertising); *Novartis Consumer Health, Inc. v. Johnson & Johnson Merck Consumer Pharm. Co.*, 129 F.Supp.2d 351, 369 (D.N.J.2000) (stating that there is public interest in preventing misleading advertisements); *Dentsply Int'l, Inc. v. Great White, Inc.*, 132 F.Supp.2d 310, 326 (M.D.Pa.2000) (stating that there is public interest in truthful advertising).

We hold similarly here. Respondent advertised its program to the public at large. But for appellants' lawsuit, an indefinite class of potential consumers might have been injured in the same manner as were appellants. Our conclusion does not, therefore, turn on the number of plaintiffs in this action. *See Ly*, 615 N.W.2d at 310–14 (considering private-attorney-general statute and cause of action arising from one-on-one transaction; essential element is whether cause of action was a public benefit); *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wash.2d 778, 719 P.2d 531, 538 (1986) (determining whether private dispute involves public interest). We conclude that it is appropriate for appellants to recover attorney fees under the private-attorney-general statute. Accordingly, the district court abused its discretion by denying appellants' request for attorney fees in its entirety, and we remand for a determination of reasonable attorney fees. While we express no opinion on the amount of attorney fees to be awarded on remand, the district court should consider the factors set forth in *State, by Head v. Paulson*, 290 Minn. 371, 373, 188 N.W.2d 424, 426 (1971), and *Liess v. Lindemyer*, 354 N.W.2d 556, 558 (Minn.App.1984) (stating that attorney fee award under private-attorney-general statute is intended to eliminate financial barriers to the vindication of plaintiff's rights and to provide incentive for counsel to act as private attorney general, and "must take into account the degree to which the public interest is advanced by the suit").

## DECISION

We conclude that respondent's offer of judgment is enforceable and appellants were the prevailing parties. But because appellants' claims did benefit the public, the district court erred in denying in its entirety appellants' request for attorney fees under the private-attorney-general statute. We remand to the district court for a determination of appellants' reasonable attorney fees.

**Affirmed in part, reversed in part, and remanded.**