Charles LYTE, Plaintiff–Appellant,

v.

SARA LEE CORPORATION and
Electrolux Corp., Defendants–
Appellees.

No. 327, Docket 91–7472.

United States Court of Appeals,
Second Circuit.

Argued Oct. 7, 1991.

Decided Dec. 3, 1991.

Steven D. Ecker, New Haven, Conn. (Susan H. Bartholomew, Jacobs, Grudberg, Belt & Dow, P.C., of counsel), for plaintiff-appellant.

Randolph T. Lovallo, Stamford, Conn. (Curtiss, Brinckerhoff & Barrett, P.C., of counsel), for defendants-appellees.

Before MINER and MAHONEY, Circuit Judges, and MISHLER, District Judge.[1]

MINER, Circuit Judge:

Plaintiff–Appellant, Charles Lyte, appeals from an order entered in the United States District Court for the District of Connecticut (Eginton, *J.*) denying his motion for attorneys' fees as a prevailing party under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–5(k). Prior to the motion, plaintiff had accepted a Rule 68 Offer of Judgment made by defendant Sara Lee Corporation ("Sara Lee") in the action brought by plaintiff to redress a Title VII racial discrimination in employment violation. The district court entered judgment for plaintiff in accordance with the terms of the Offer, in the amount of $9,500, together with costs accrued, and dismissed the action. The district court subsequently denied plaintiff's section 2000e–5(k) motion for attorneys' fees, concluding that plaintiff was not a "prevailing party" as defined under the statute. We find that, on the facts presented, plaintiff is a "prevailing party" under the statute and is entitled to attorneys' fees. We therefore reverse and remand for determination of the attorneys' fees due plaintiff.

## BACKGROUND

Plaintiff was a computer operator employed from 1979 through 1986 by defendants, Sara Lee and its wholly-owned subsidiary, Electrolux Corporation ("Electrolux"). On August 11, 1989, plaintiff filed a complaint in the district court, under the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, alleging that defendants discriminated against him in failing to provide him with training and promotional opportunities because he was black. Previously, plaintiff had obtained a Notice of Right to Sue, dated May 16, 1989, from the Equal Employment Opportunity Commission. The complaint filed by plaintiff sought back pay, including lost earnings and fringe benefits, front pay to compensate plaintiff for the losses caused by the denial of promotion, reasonable attorneys' fees and costs, and compensatory and consequential damages arising out of an alleged breach of employment contract.

On August 10, 1990, Sara Lee made an Offer of Judgment to plaintiff pursuant to Fed.R.Civ.P. 68 in the amount of $9,500 plus costs. Plaintiff accepted this offer on August 15, 1990 by filing a "Notice of Acceptance of Offer of Judgment" with the district court. The district court approved the settlement on August 24, 1990 and ordered that judgment be entered against Sara Lee in accordance with the terms of the Offer of Judgment.

On September 12, 1990, plaintiff filed an "Application for Costs, Including Attorneys' Fees," seeking a total of $15,020.68 in attorneys' fees under two theories: first, under the "prevailing party" provision of section 2000e–5(k); and second, under the provision for "costs" specifically included in the Offer of Judgment. The district court denied plaintiff's motion for attorneys' fees, concluding that plaintiff was not a "prevailing party" under the fee provision of Title VII. The district court applied the "alteration of relationship" test formulated by the Supreme Court in *Texas State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 792–93, 109 S.Ct. 1486, 1493–94, 103 L.Ed.2d 866 (1989), finding that

the settlement in the present instance merely provides for payment of $9500.00 plus costs and dismissal of the case. This alone does not materially alter the legal relationship of the parties ... the

1. Hon. Jacob Mishler, United States District Judge for the Eastern District of New York, sitting by designation.

present settlement neither hinders the defendant's future actions or policies, nor provides the plaintiff with any future rights. Furthermore, since there have been no rulings by this [c]ourt, or words or actions by the defendant, to suggest that any rights of the plaintiff have been violated by the defendant, this [c]ourt cannot conclude that Lyte prevailed. (citation omitted).

The district court did not explicitly address plaintiff's argument that attorneys' fees constituted "costs" under the Offer of Judgment; however, since fees are awarded as "costs" under a Rule 68 offer of judgment only if the underlying statute (here section 2000e–5(k)) permits attorneys' fees as part of "costs," *see Marek v. Chesny*, 473 U.S. 1, 9, 105 S.Ct. 3012, 3016, 87 L.Ed.2d 1 (1985), we shall address only plaintiff's section 2000e–5(k) claim.

## DISCUSSION

 The Civil Rights Act of 1964 provides, in pertinent part, that in any action or proceeding thereunder "the court, in its discretion, may allow the prevailing party ... a reasonable attorney's fee as part of the costs." 42 U.S.C. § 2000e–5(k). This provision is to be construed in the same fashion as all other "prevailing party" fee provisions in federal civil rights laws, and opinions regarding fees in cases decided under sections 1983 and 1988 therefore are authoritative in the Title VII context. *See Hensley v. Eckerhart*, 461 U.S. 424, 433 n. 7, 103 S.Ct. 1933, 1939 n. 7, 76 L.Ed.2d 40 (1983) ("standards set forth in this opinion are generally applicable in all cases in which Congress has authorized an award of fees to a 'prevailing party'"). While the language of the Title VII fee provision refers to the award as discretionary, a prevailing plaintiff is in fact entitled to fees "unless special circumstances would render such an award unjust" in light of the congressional goals underlying enforcement of fee awards in civil rights litigation. *Id.* at 429, 103 S.Ct. at 1937 (citations omitted).

The Supreme Court has recently instructed that success on any significant issue in a case which achieves "some of the benefit" sought by a plaintiff is sufficient to cross "the threshold to a fee award of *some* kind." *Texas Teachers*, 489 U.S. at 791–92, 109 S.Ct. at 1492–93 (quoting *Nadeau v. Helgemoe*, 581 F.2d 275, 278–79 (1st Cir. 1978)) (emphasis added). The "touchstone inquiry" in determining whether the threshold has been crossed is whether in the course of the litigation there occurred a "material alteration of the legal relationship of the parties in a manner which Congress sought to promote in the fee statute." *Id.* at 792–93, 109 S.Ct. at 1493–94.

In *Texas Teachers*, the Court referred to its decisions in *Hewitt v. Helms*, 482 U.S. 755, 760, 107 S.Ct. 2672, 2675, 96 L.Ed.2d 654 (1987), and *Rhodes v. Stewart*, 488 U.S. 1, 109 S.Ct. 202, 102 L.Ed.2d 1 (1988), to illustrate when a material alteration of the legal relationship did *not* occur. *Texas Teachers*, 489 U.S. at 792, 109 S.Ct. at 1493. In *Hewitt*, plaintiffs litigated to a final judgment and lost on all of their claims; the Court found significant the fact that they did not receive any relief in the form of a settlement or consent decree. *See Hewitt*, 482 U.S. at 759–63, 107 S.Ct. at 2675–77 ("[r]espect for ordinary language requires that a plaintiff receive at least some relief on the merits of his claim before he can be said to prevail"). Similarly, in *Rhodes*, plaintiffs (prison inmates) did win injunctive relief on the merits, but in each instance either died or were released from prison before the district court ordered a change in prison regulations, thus achieving in the Court's view *"no relief whatsoever." See Rhodes*, 488 U.S. at 3–4, 109 S.Ct. at 203–04 (emphasis added). The Court noted that a plaintiff's success must be more than "de minimis" or "technical." *Texas Teachers*, 489 U.S. at 792, 109 S.Ct. at 1493 (noting that a mere "nuisance settlement" should not give rise to a "prevailing plaintiff") (citing *Chicano Police Officer's Ass'n v. Stover*, 624 F.2d 127, 131 (10th Cir.1980)); *see also New York City Unemployed and Welfare Council v. Brezenoff*, 742 F.2d 718, 724 n. 4 (2d Cir. 1984).

 A plaintiff involved in litigation ultimately resolved by settlement may still be

entitled to an award of attorneys' fees. *See Maher v. Gagne*, 448 U.S. 122, 129, 100 S.Ct. 2570, 2574, 65 L.Ed.2d 653 (1980) (in section 1988 case, "[t]he fact that [plaintiff] prevailed through a settlement rather than through litigation does not weaken [plaintiff's] claim to fees"); *see also Koster v. Perales*, 903 F.2d 131, 134–35 (2d Cir.1990) (holding plaintiffs eligible for fee award as "prevailing party" when parties entered settlement agreement which granted plaintiffs all the relief contemplated at the outset of the litigation). In *Koster*, we quoted and applied the teaching of the Supreme Court in *Hewitt*:

> A lawsuit sometimes produces voluntary action by the defendant that affords the plaintiff all or some of the relief he sought through a judgment—e.g., a monetary settlement or a change in conduct that redresses the plaintiffs' grievances. When that occurs, the plaintiff is deemed to have prevailed despite the absence of a formal judgment in his favor.

*Koster*, 903 F.2d at 134 (quoting *Hewitt*, 482 U.S. at 760–61, 107 S.Ct. at 2676 (citation omitted)).

In order to determine if a settling plaintiff is indeed a "prevailing party," "it is helpful to identify the relief sought by the plaintiff and compare it with the relief obtained as a result of the suit." *Koster*, 903 F.2d at 134 (citations omitted). If the relief obtained is "of the same general type" as the relief demanded in the complaint, a plaintiff may be considered to be a "prevailing party." *Koster*, 903 F.2d at 134–35 (citation omitted).

We find that plaintiff in the instant case is a "prevailing party" under section 2000e–5(k). Clearly, plaintiff has achieved "some of the benefit" sought in his complaint as a result of the $9,500 settlement. *See Texas Teachers*, 489 U.S. at 791–92, 109 S.Ct. at 1492–93 (citation omitted). Plaintiff's complaint sought only monetary relief, which is the relief ultimately achieved. Obviously, the relief obtained here is of the "same general type" as the relief demanded in the complaint. *See Koster*, 903 F.2d at 134–35 (citation omitted).

The settlement also is clearly "a resolution of the dispute which changes the legal relationship" between the parties, *see Texas Teachers*, 489 U.S. at 792, 109 S.Ct. at 1493, since plaintiff obtained a not insubstantial settlement vindicating his Title VII rights in the workplace. Plaintiff has "thus served the 'private attorney general' role which Congress meant to promote in enacting [Title VII]." *See id.* at 793, 109 S.Ct. at 1494.

Although plaintiff may have received a greater amount if he had prevailed at trial, he is nonetheless entitled to the relief he seeks here because the $9,500 settlement is not "de minimis" or merely "technical." While in and of itself $9,500 is not a "de minimis" amount, the substantial nature of this relief is further supported when considering that back pay claims are subject to a two year limitation under section 2000e–5(g). *See Glass v. Petro–Tex Chemical Corp.*, 757 F.2d 1554, 1560 n. 4 (5th Cir. 1985). In addition, plaintiff was required, and did in fact, mitigate damages by quickly obtaining other employment, further reducing his potential recovery. *See Forrest v. New York City Criminal Justice Agency*, 549 F.Supp. 211, 212–13 (S.D.N.Y.1982). Hence, the settlement in the instant case cannot be said to be a mere nuisance settlement. We note also that subsequent to his settlement with Sara Lee, plaintiff settled his claim against Electrolux for $6,500. *See Stefan v. Laurenitis*, 889 F.2d 363, 369 (1st Cir.1989) (where plaintiffs' complaint sought $1,900,000, total settlement payment of $8,000 to each of two plaintiffs was not a "de minimis" or "nuisance" type award).

The district court apparently thought that some relief, in addition to a money settlement, was necessary in this case to materially alter the legal relationship of the parties, and that some type of judicial declaration suggesting that defendant violated plaintiff's rights was required in order to warrant an award of attorneys' fees. The caselaw does not impose such requirements. *See Hewitt*, 482 U.S. at 760–61, 107 S.Ct. at 2675–76 (noting that money settlement in absence of formal judgment does not preclude finding that

plaintiff is a "prevailing party"); *see also Koster,* 903 F.2d at 134; *Stefan,* 889 F.2d at 369. No adjudication of rights or admission of fault is necessary for a fee award. *See Maher,* 448 U.S. at 126 n. 8, 100 S.Ct. at 2573 n. 8.

The proper approach in the instant case was not for the district court to deny fees altogether, but rather to inquire as to the appropriate amount of fees. *See Texas Teachers,* 489 U.S. at 793, 109 S.Ct. at 1493 ("[w]here such a [material] change has occurred, the degree of the plaintiff's overall success goes to the reasonableness of the award under *Hensley,* not to the availability of a fee award vel non"); *see also Hensley,* 461 U.S. at 434, 103 S.Ct. at 1940 (noting the appropriateness of adjusting even a reasonable fee claim downward where the "results obtained" or "level of success" are minimal). We express no opinion as to what an appropriate award might be in this case, leaving the inquiry to the district court on remand.

## CONCLUSION

The order of the district court is reversed and the case is remanded for determination of the attorneys' fees to be awarded to plaintiff.