**Boris RAISHEVICH, Plaintiff,**

**v.**

**Charles FOSTER, an officer of the New York State Police, Defendant.**

**No. 95 Civ. 3153(WCC).**

United States District Court, S.D. New York.

Nov. 10, 1999.

Michael Kennedy, P.C., New York City, Simone Monasebian, of counsel, for plaintiff.

Eliot Spitzer, Attorney General for New York State, New York City, Bruce A. Brown, Assistant Attorney General, Janine M. Spinnato, Assistant Attorney General, of counsel, for defendant.

### OPINION AND ORDER

WILLIAM C. CONNER, Senior District Judge.

On May 26 and June 1, 1998, this Court conducted a bench trial on the issue of damages in this civil rights action under 42 U.S.C. § 1983. Defendant conceded liability. On July 17, 1998, this Court issued an Opinion and Order finding that plaintiff Boris Raishevich ("Raishevich") was entitled to receive $24,000 in compensatory damages for defendant's destruction of certain photographic transparencies. *See Raishevich v. Foster*, 9 F.Supp.2d 415 (S.D.N.Y.1998). Judgment was entered in the amount of $24,000 in favor of Raishevich on August 3, 1998.

Defendant Charles Foster ("Foster") moved this Court on August 10, 1998, pursuant to Rules 52(b) and 59(e) of the Federal Rules of Civil Procedure, for an order amending the findings of fact and Judgment to reduce the amount of damages awarded to Raishevich. Plaintiff filed a cross-motion to amend the findings of fact and Judgment to increase the damage award. By Opinion and Order dated December 4, 1998, this Court granted defendant's motion and decreased the compensatory damages awarded to $12,000. In that opinion, this Court reserved decision on plaintiff's earlier motion for attorney's fees pending the Second Circuit's determination upon en banc rehearing of *Quaratino v. Tiffany & Co.*, 129 F.3d 702 (2d Cir.1997). An Amended Judgment was entered on December 17, 1998.

Plaintiff then moved pursuant to Rules 54(d)(1), 52(b), 59(e), 60(a), and 60(b)(6) of the Federal Rules of Civil Procedure for an order amending the findings of fact and Amended Judgment to increase the compensatory damages, and to include an

award of punitive damages, costs and pre-judgment interest. Plaintiff's motion was granted insofar as it requested prejudgment interest and denied in all other respects by Opinion and Order dated January 13, 1999.

On January 18, 1999, Raishevich filed Notice of Appeal from this Court's Order dated January 13, 1999. On February 24, 1999, the appeal was withdrawn without prejudice to reinstatement after this Court decides the pending issue of attorney fees. Accordingly, currently before the Court is plaintiff's motion for attorney's fees.

The facts in this case are set forth in full in *Raishevich v. Foster.* Familiarity with that opinion is presumed.

### DISCUSSION

The Civil Rights Attorney's Fees Awards Act of 1976 authorizes the district courts to award a reasonable attorney's fee to prevailing parties in civil rights litigation. *See* 42 U.S.C. § 1988. A prevailing plaintiff should recover an attorney's fee "unless special circumstances render such an award unjust." S.Rep. No. 94–1011, at 4 (1976), *reprinted in* 1976 U.S.C.C.A.N. 5912. In order to determine whether to award attorney's fees to the plaintiff in this case, this Court must consider (1) whether plaintiff was a "prevailing party" and (2) whether special circumstances exist that would render the award unjust.

#### I. *Prevailing Party*

To qualify as a prevailing party, "a civil rights plaintiff must obtain at least some relief on the merits of his claim." *Farrar v. Hobby,* 506 U.S. 103, 111, 113 S.Ct. 566, 121 L.Ed.2d 494 (1992). A plaintiff does not have to obtain an enforceable judgment on the merits of the case, but may obtain relief through a settlement. *See id.* If the settlement directly benefits the plaintiff at the time of the settlement, it can be said to "affect the behavior of the defendant toward the

plaintiff." *Id.* (quoting *Rhodes v. Stewart,* 488 U.S. 1, 4, 109 S.Ct. 202, 102 L.Ed.2d 1 (1988)).

In this case, plaintiff did not obtain the Court's determination on the merits of the case because defendant conceded liability. The trial determined damages only. The settlement did directly benefit plaintiff because it entitled plaintiff to some amount of damages. Defendant argues that his admission of liability was made as an expedient means of resolving plaintiff's damages claim. In *Texas State Teachers Ass'n v. Garland Indep. Sch. Dist.,* the court cited the settlement of nuisance claims as a type of case in which success does not render the plaintiff a prevailing party. 489 U.S. 782, 792, 109 S.Ct. 1486, 103 L.Ed.2d 866 (1989). However, there is little evidence that plaintiff's case was merely a nuisance claim, particularly in light of defendant's concession of liability.

A settling plaintiff may be entitled to an award of attorney's fees as a prevailing party. The court should compare the relief sought by the plaintiff with the relief obtained as a result of the suit. *See Lyte v. Sara Lee Corp.,* 950 F.2d 101, 104 (2d Cir.1991). In *Lyte,* the plaintiff sought monetary relief and received $9,500 as the result of a settlement. *Id.* Because the relief obtained was "of the same general type" as the relief sought, the plaintiff was a prevailing party. *See id.* (quoting *Koster v. Perales,* 903 F.2d 131, 134 (2d Cir.1990)). Here, as in *Lyte,* plaintiff sought monetary compensation and he received monetary compensation. The relief obtained through the settlement and trial on damages was "of the same general type" as the relief sought in plaintiff's complaint. Plaintiff should be considered a prevailing party.

Defendant argues that because plaintiff sought much more monetary relief than received, plaintiff achieved at most a partial success.[1] A party who achieves

---

1. At trial, plaintiff's expert opined that plain-        tiff suffered between $261,000 and $522,000

partial success in his or her suit may be considered a prevailing party where he or she "succeeds on any significant issue in litigation which achieves some of the benefit . . . sought in bringing suit." *Ruggiero v. Krzeminski*, 928 F.2d 558, 564 (2d Cir. 1991). A party who wins nominal damages only can be considered a prevailing party. *See Farrar*, 506 U.S. at 112, 113 S.Ct. 566; *LeBlanc–Sternberg v. Fletcher*, 143 F.3d 748, 757 (2d Cir.1998). "A judgment for damages in any amount . . . modifies the defendant's behavior for the plaintiff's benefit by forcing the defendant to pay an amount of money he otherwise would not pay." *Farrar*, 506 U.S. at 113, 113 S.Ct. 566. Even though plaintiff was awarded significantly lesser damages than originally sought, defendant was forced to pay $12,000, thereby modifying defendant's behavior for plaintiff's benefit. Therefore, even if plaintiff's success is considered to be partial, plaintiff was a prevailing party in this case.

## II. *Special Circumstances*

■ Once the threshold of being a prevailing party is met, plaintiff is entitled to attorney's fees unless special circumstances exist that would render the award unjust. *See Newman v. Piggie Park Enters.*, 390 U.S. 400, 402, 88 S.Ct. 964, 19 L.Ed.2d 1263 (1968). This is a narrow exception and defendant has the burden of demonstrating the existence of special circumstances. *See Clay v. Harris*, 583 F.Supp. 1314, 1320 (N.D.Ind.1984). The first step in determining whether special circumstances exist is to consider whether, at the time the case was brought, the merits of the claim were obviously strong and the probable damage award was high. *See Kerr v. Quinn*, 692 F.2d 875, 877 (2d Cir.1982). If this initial determination is made, a district court may exercise its discretion to deny fees if it believes an award would work an injustice. *See id.* at 878.

Special circumstances may exist where the plaintiff's case would have been perceived as likely to succeed at the time counsel is sought. In *Kerr*, the plaintiff's claim had major weaknesses at the time counsel was sought, therefore, even though the case grew stronger throughout the trial, no special circumstances existed that would render the award unjust. *Id.* at 879. Similarly in *DiFilippo v. Morizio*, special circumstances did not exist because the facts in the case were disputed and damage awards in housing discrimination cases are generally low. 759 F.2d 231, 234 (2d Cir.1985). In contrast, the facts in this case were so favorable to plaintiff that defendant had conceded liability at the time counsel was retained. In addition, an expert had opined that plaintiff suffered up to $522,000 in damages. The fact that defendant had conceded liability so that plaintiff's counsel would have to litigate only the issue of damages, further establishes the special circumstances in this case.

This Court has the discretion to deny attorney's fees to plaintiff if special circumstances would render the award unjust. In *Naprstek v. City of Norwich*, the plaintiffs succeeded in their constitutional attack upon a municipal ordinance establishing a juvenile curfew, but the court denied plaintiffs' application for attorney's fees. 433 F.Supp. 1369, 1370 (N.D.N.Y. 1977). The court denied the award of fees because the plaintiffs were challenging "an antiquated, poorly-drafted, rarely-enforced juvenile curfew ordinance," and the defendants had offered to settle the case by redrafting the ordinance. *Id.* at 1370–71. The court opined that Congress did not "intend[ ] to reward attorneys for burdening federal courts with unnecessary litigation when they have not even attempted to remedy their clients' grievances by talking out their differences . . ." *Id.* at 1371.

■ Like the plaintiffs in *Naprstek*, the plaintiff in *Clay* refused a realistic offer of settlement early in the case. 583

in damages. Ultimately, plaintiff was awarded only $12,000 in damages.

F.Supp. at 1320 (denying attorney's fees). In contrast, the court in *Mid–Hudson Legal Services v. G & U, Inc.* found that no special circumstances existed because the plaintiff initiated settlement discussions and behaved reasonably throughout. 465 F.Supp. 261, 267 (S.D.N.Y.1978). Plaintiff here, like the plaintiffs in *Naprstek* and *Clay*, had the opportunity to settle the case, but refused. At a settlement conference on March 25, 1998, two months before trial, the Court, after being informed that defendant would pay up to $25,000 to settle the case and that plaintiff would accept not less than $35,000, proposed a compromise at $30,000 and asked the attorneys to discuss the proposal with their clients and inform the Court as to their decision. Plaintiffs rejected the proposal. Plaintiff's ultimate recovery was less than the amount proffered in settlement. Thus the trial turned out to be a wholly unjustified expense for plaintiff.

In light of the strength of plaintiff's case at the outset, defendant's concession of liability, and plaintiff's refusal to accept a settlement offer for significantly more than ultimately recovered, special circumstances exist in this case that would render an award of attorney's fees unjust.

## CONCLUSION

For the reasons discussed above, plaintiff's application for attorney's fees is denied.

SO ORDERED.