Wilson v. Nomura Securities
Docket No. 02-9001(L), 02-9069(XAP), 02-9449(CON)
Decided: March 2, 2004


JON O. NEWMAN, Circuit Judge, dissenting:

When opposing lawyers execute a document to settle litigation, they should expect courts to apply that document according to its precise terms, leaving room for "interpretation" only to remedy the most obvious inadvertencies.  In this case involving claims under both federal and municipal law, the lawyers settled their litigation for an amount that was stated to be "inclusive of costs."  It did not say, "inclusive of costs and attorney's fees," as most careful lawyers would have said if they wanted the settlement to preclude a claim for attorney's fees.  The Court acknowledges that the term "costs" includes attorney's fees under applicable federal law, but not under applicable municipal law.  Nevertheless, the Court deems the parties to have settled the Plaintiff's claim for attorney's fees under municipal law by agreeing to a payment "inclusive of costs."  Because that ruling imports into the word "costs" a meaning that it does not have under applicable municipal law and unjustifiably rewards the Defendants for their counsel's inattention to careful drafting, I respectfully dissent.

Darnel Wilson's suit, alleging racial discrimination in employment, was settled by his acceptance of the Defendants' offer, pursuant to Fed. R. Civ. P. 68, "to allow judgment to be taken against them in the amount of $15,000.00 inclusive of all costs available under

all local, state or federal statutes accrued to date" (emphasis added). We all agree that, under applicable federal law, a reasonable attorney's fee may be allowed to the prevailing party "as part of the costs," see 42 U.S.C. § 2000e-5(k) (2001), and that, under applicable municipal law, the prevailing party may be awarded "costs and reasonable attorney's fees," Administrative Code of the City of New York ("New York City Human Rights Law" or "NYCHRL") § 8-502(f) (emphasis added). We also agree, as the Court states, that "when a plaintiff prevails on two . . . overlapping claims, he or she is entitled to only one award of fees for the indivisible legal work performed," slip op. at [10] (emphasis added), and that Wilson's Title VII and NYCHRL claims "were factually and legally identical," id. Where we disagree is when the Court goes on to state that "Wilson's acceptance of the Offer settled all rights to fees." Id.

The settlement settled only what it said it settled, which included "all costs available under all local, state or federal statutes accrued to date." Because the word "costs" under federal law includes attorney's fees, the parties settled the Plaintiff's claim for an award of attorney's fees under federal law. However, because the word "costs" under municipal law does not include attorney's fees, the parties did not settle the Plaintiff's claim for an award of attorney's fees under municipal law. That latter claim remains viable, as the District Court ruled.

Of course, as this Court states, a plaintiff who prevails on two

-2-

overlapping claims is entitled to only one "award" of attorney's fees, but Wilson has yet to receive any "award" of such fees. Rather, he has received a lump sum settlement, which includes an amount for which he was willing to settle the merits of his discrimination claims and an amount for which he was willing to settle his claim for attorney's fees under federal law. Had he received an "award" of attorney's fees, he would have received a reasonable fee (calculated under the lodestar approach, see Quarantino v. Tiffany & Co., 166 F.3d 422, 425 (2d Cir. 1998), rather than the small portion of the $15,000 settlement amount that can be attributed to the settlement of his claim for attorney's fees under federal law.

As far as the record discloses, there is no firm basis on which to determine whether either side knew the precise meaning of "costs" under federal or municipal law when the Rule 68 offer was made and accepted. For all I can tell, both lawyers might have been unaware that "costs" includes an attorney's fee under 42 U.S.C. § 2000e-5(k). Thus, it may well be that both lawyers thought the settlement preserved the Plaintiff's claim for attorney's fees under federal law. If so, the Defendants' lawyer must have been pleasantly surprised to learn that the settlement extinguished the claim for an attorney's fee under federal law. It is also possible that both lawyers were unaware that "costs" does not include an attorney's fee under NYCHRL § 8-502(f). If so, the Plaintiff's lawyer must have been pleasantly surprised to learn that the settlement did not extinguish the claim for an

attorney's fee under municipal law.  It is also possible that both lawyers fully understood the meaning of "costs" under both provisions and understood that they were settling the claim for attorney's fees under federal law while maintaining entitlement to an award of attorney's fees under local law.  If so, the Defendant's lawyer, under this Court's ruling, is reaping a reward that is unexpected as well as undeserved.[1]

In the final analysis, none of these possibilities matters.  In the absence of mutual mistake, which is not even alleged, or an obvious unilateral mistake of the sort entitled to correction, see Prudential Insurance Co. of America v. S.S. American Lancer, 870 F.2d 867, 871-74 (2d Cir. 1989), which is also not alleged, the parties are bound by the terms of their settlement.  In this case, regardless of the parties' understanding of the law, those terms happen to preclude an award of attorney's fees under federal law (because that claim has been settled), but permit recovery of a reasonable attorney's fee under municipal law (because that claim has not been settled).

Of course, the Plaintiff is not entitled to more than a reasonable attorney's fee under municipal law.  Had this Court upheld Judge Sweet's ruling, the Defendants would have been entitled to offset an

---

[1]The affidavit of the Plaintiff's counsel, cited by the Court, __ F.3d at __, n.1, indicates that counsel promptly made a demand for an attorney's fee upon the Defendants' counsel, but does not reveal whether he thought his entitlement to an attorney's fee derived from federal law or municipal law.

award of reasonable attorney's fees under municipal law by whatever part of the settlement amount they can show should be attributed to settlement of the claim for attorney's fees under federal law.

Because the Court has unjustifiably denied the Plaintiff an award of a reasonable attorney's fee under municipal law, a claim that is indisputably outside the terms of the Rule 68 settlement, I respectfully dissent.