**Beatrice BAUM, Plaintiff,**

v.

**COUNTY OF ROCKLAND,
et al., Defendants.**

**No. 03 Civ. 5987(CM).**

United States District Court,
S.D. New York.

Dec. 3, 2004.

471

Scott A. Korenbaum, Scott A. Korenbaum, New York City, for Plaintiff.

Charlotte G. Swift, Jason & Nesson, LLP, Chestnut Ridge, NY, for Defendants.

## DECISION AND ORDER

McMAHON, District Judge.

Plaintiff Beatrice Baum prevailed in her breach of action to enforce a settlement agreement between her and the Rockland County Community College. The agreement called for the payment to Baum of $62,500. The undisputed evidence established that the settlement amount was not paid when it was due, and that the defendant had no basis for refusing to pay the settlement amount. The court granted plaintiff summary judgment on her breach of contract claims, and the Clerk of the Court, acting at the direction of the Court, entered judgment in favor of plaintiff for $62,000 on September 27, 2004. Baum also brought claims for retaliation on the basis of disability (Americans with Disabilities Act) and age (Age Discrimination in Employment Act). There was absolutely no evidence to support those charges and summary judgment was granted to the defendants dismissing those claims.

Plaintiff immediately made a motion to amend the judgment to include pre-judgment interest. On September 29, 2004, I directed the Clerk to enter an amended judgment showing pre-judgment interest as computed under federal law. As of the date of the original judgment, the amount of pre-judgment interest, computed at the federal interest rate (28 U.S.C. § 1961) and, compounded, was $1,575.08.[1] At the request of the parties, the Clerk has not yet entered an amend-

---

1. Federal law is used rather than state law, because plaintiff brought a claim to enforce a settlement under the relevant provisions of ADEA and the ADA. Plaintiff could have sued for breach of contract in the New York State Supreme Court (there being no diversity) instead of bringing her state law claim as a pendent claim here. Had she done so, she would have been entitled to much more interest—but, of course, no attorney's fees.

ed judgment, because the issue of attorney's fees remains unsettled.

■ Because the settlement agreement that this court enforced was mediated by the EEOC in settlement of a then-pending charge of age and disability discrimination, plaintiff is entitled to an award of attorney's fees if she is the prevailing party. *De La Cruz v. McEntee,* No. 01 Civ. 6336, 2002 WL 122936, *2–4 (S.D.N.Y. Jan. 29, 2002). Plaintiff did not prevail on all her claims, but she did prevail on her federal and state breach of contract claims (really a single claim brought under both state and federal law), and so is the prevailing party. Fed.R.Civ.P. 54(d); *Buckhannon Bd. and Care Home, Inc. v. West Virginia Dept. of Health and Human Resources,* 532 U.S. 598, 604, 121 S.Ct. 1835, 149 L.Ed.2d 855 (2001).

Plaintiff moved for an award of attorney's fees on October 26, 2004. The motion is timely, although made more than 14 days after the entry of judgment, because plaintiff asked for an extension within two weeks of the entry of judgment, by letter dated October 6, 2004. She seeks $87,125 in fees and $6,559.82 in costs.

There is a complicating factor in this regard. On February 27, 2004, defendant offered the sum of $70,000 to settle this action. It did so pursuant to Fed.R.Civ.P. 68, which provides that if the plaintiff declines the offer of judgment, and thereafter the plaintiff recovers a judgment that is less favorable than the offer, the plaintiff must pay all costs incurred after the making of the offer.

■ The first order of business on this motion is to decide whether plaintiff's right to costs was cut off as of the date the Rule 68 offer was made. I conclude that it was.

Rule 68 provides as follows:

At any time more than 10 days before the trial begins, a party defending against a claim may serve upon the adverse party an offer to allow judgment to be taken against the defending party for the money or property or to the effect specified in the offer, with costs then accrued ... If the judgment finally obtained by the offeree is not more favorable than the offer, the offeree must pay the costs incurred after the making of the offer.

The key provision for our purposes is: "If the judgement finally obtained by the offeree is not more favorable than the offer, the offeree must pay the costs incurred after the making of the offer." At this point I need to determine what the "judgment finally obtained" by Ms. Baum is and compare it with the $70,000 she was offered nine months ago.

The judgment currently on the books if for $62,500. That is, obviously, less than $70,000. However, as I concluded last September 29, that judgment obtained by Mrs. Baum should have included pre-judgment interest. The amount of pre-judgment interest calculated by plaintiff's counsel is correct. Thus, the judgment should have been entered for $64,075.08.

But that does not end the matter. Every prevailing party is entitled to an award of costs, and every Rule 68 offer is deemed to comprehend "costs then accrued." Costs are generally taxed by the Clerk of the Court when the prevailing party makes application therefor, and in this court a separate judgment is generally entered. But since the Rule 68 offer must comprehend costs, it is only fair to include the costs in the calculation of the amount of the judgment.

The term "costs" as used in Rule 68 includes costs taxable pursuant to 28 U.S.C. § 1920:

(1) Fees of the clerk and marshal;

(2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and copies of papers necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

I have reviewed the monthly statements prepared by plaintiff's attorney and the invoices related thereto. Since the Offer of

Judgement was made on February 27, and the statute provides that the Offer must encompass "costs *then* accrued" (i.e., as of the date the Offer was made), I have located records of all taxable costs that were incurred (not paid) on or prior February 27, 2004. Although it comes close, the amount of costs "then accrued" does not quite get plaintiff to the magic number of $70,001.

This lawsuit was filed on August 8, 2003. The filing fee (which is a taxable cost pursuant to 28 U.S.C. § 1920(1)) is $150.

It was necessary for plaintiff to serve process on Dr. Voss on October 2, 2003. That cost $93.00 (I am assuming here that service was effected by the United States Marshal; if it was not, then this amount is not a taxable cost and should be subtracted from the total).

It was necessary to pay Dr. Koll a witness fee of $40.00, which accompanied the subpoena directed to him on February 12, 2004.

Prior to February 27, 2004, plaintiff took seven depositions—six complete depositions and part of a seventh.[2] Counsel ordered transcripts of each of those depositions. While it is true that some of the testimony adduced at those depositions did not relate to the claims on which plaintiff ultimately prevailed, that is of no moment for the purposes of Rule 68. The only issue is how much plaintiff had incurred taxable costs related to the prosecution of the lawsuit prior to the date of the offer.

There can be no argument that the transcripts were not "necessarily obtained for use in the case." Lawyers do not take depositions without ordering the transcript. Indeed, since court reporters are paid by the page for pages transcribed, no court reporter would attend a deposition if counsel did not order the transcript. It is foolish of the County to argue otherwise. The total of the transcript fees plaintiff became obligated to pay prior to February 27—the fees relating to the first half of the deposition of Fortunato and the depositions of Latkovic, Howell, Vasquez, Kole, Zarcone and Voss—is $4,903.50.

Thus, the total amount of plaintiff's taxable costs through the date of the Offer of Judgment is $5,186.50. Adding that to the amount of the original judgment plus prejudgment interest yields $69,261.58—just shy of $70,000.

Plaintiff argues that attorney's fees incurred through February 27, 2004 must be included as part of "costs" for purposes of evaluating the Rule 68 offer. Obviously, including even the most nominal amount of attorney's fees as part of "costs" would take plaintiff's recovery above the magic $70,000 threshold, since it would be manifestly unfair to award Mr. Korenbaum a paltry $738.50 in attorney's fees.

█ As used in Rule 68, the term "costs" refers to all costs awardable under the statute or other authority that is the basis for the underlying claim. "Where the underlying statute defines 'costs' to include attorney's fees, therefore, such fees are 'costs' for purposes of Rule 68." *Wilson v. Nomura Securities*, 361 F.3d 86, 89 (2d Cir.2004), *citing Marek v. Chesny*, 473 U.S. 1, 9, 105 S.Ct. 3012, 87 L.Ed.2d 1 (1985).

The relevant underlying statutes are the ADA itself (which contains its own attorney's fees provision) and the Fair Labor Standards Act (which is incorporated into ADEA and governs awards of attorney's fees in those cases).

42 U.S.C. § 12205, the relevant portion of the ADA, provides: "In any action or administrative proceeding commenced pursuant to this chapter, the court ... in its discretion, may allow the prevailing party... a reasonable attorney's fee, including litigation expenses, and costs..." Thus the ADA, unlike Title VII and 42 U.S.C. § 1988, does not define "costs" to include attorney's fees.

Neither, it seems, does ADEA. FLSA § 216(b) reads in pertinent part: "The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendants, and costs of the action."

---

**2.** Contrary to defendants' attorney's representation to this Court that the first session of Mr. Fortunato's deposition was over almost before it

began, the court reporter's invoice indicates that she transcribed 125 pages of testimony on that day—quite a few hours of questioning.

See *Brooks v. Travelers Ins. Co.*, 297 F.3d 167 (2d Cir.2002).

In both underlying statutes, costs are something that are paid in addition to attorney's fees. By contrast, Title VII and 42 U.S.C. § 1988 both provide that, "The court, in its discretion, may allow the prevailing party ... a reasonable attorney's fee (including expert fees) *as part of costs."*

Therefore, plaintiff is incorrect in her contention that attorney's fees should be included in the "costs accrued" calculation for Rule 68 purposes.

Plaintiff insists that counsel fees—to which she is entitled, since they are not costs, so the rule of *Marek v. Chesny,* 473 U.S. 1, 105 S.Ct. 3012, 87 L.Ed.2d 1 (1985) cutting off counsel fees at the date of the Rule 68 offer does not apply—should nonetheless be figured into the mix. I disagree.

I have consulted with numerous authorities and find no authority for this precise situation. But Rule 68's literal language does not comprehend the inclusion of attorney's fees in the amount of the offer (no doubt because in most cases that is not an issue). Congress has taken care of this omission in connection with some statutes, but not others—Title VII, but not the FLSA or ADEA—by defining "costs" to include attorney's fees. I assume that Congress is well aware that it has passed numerous statutes providing for awards of attorneys fees to prevailing parties. But it has chosen neither to amend all of them in the way it amended Title VII nor to amend Rule 68 to comprehend attorneys' fees in all cases where they are allowed by statute. I can only conclude, therefore, that unless an underlying statute defines "costs" to include attorney's fees, they are not to be comprehended in the term "judgment finally obtained" as used in Rule 68.

If judgments originally entered in civil rights cases ordinarily comprehended attorney's fees, I suppose plaintiff's argument (for which she cites no authority) would have some force. But Rule 54(d), which provides the procedural mechanism for obtaining an award of attorney's fees, supports the notion that one enters the "judgment finally obtained" first and then worries about the attorney's fees. That rule contemplates that the prevailing party to apply for attorney's fees by motion "filed and served *no later than 14 days after the entry of judgment."* Fed.R.Civ.P. 54(d)(2)(B). In this case, if the parties had followed my instructions, an amended judgment for less than $70,000 would have been entered shortly after September 29. Of course, the parties agreed that no amended judgment should issue until I had decided the attorney's fee question—but that is not ordinarily what happens, and plaintiff cannot shoehorn her attorney's fees into the "judgment finally obtained" by getting her opponent to agree that judgment will not be entered until I decide a motion that is ordinarily made *after* the entry of judgment.

Notwithstanding the parties' agreement that a different procedure should issue, I have concluded that the amended judgment, to include interest and costs, should be entered now. Therefore, I direct the Clerk of the Court to enter judgment for plaintiff in the amount of $62,500, plus pre-judgment interest of $1,575.08, plus costs taxed as aforesaid in the amount of $5186.50, for a total judgment of $69,261.58. I will issue a separate opinion dealing with the issue of reasonable attorney's fees—which involves analysis of a rather voluminous record—at a later date. And plaintiff shall have a separate judgment therefor.