20-3657-cv
*Gupta v. Headstrong, Inc.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of October, two thousand twenty-one.

PRESENT:
> GUIDO CALABRESI,
> BARRINGTON D. PARKER,
> RICHARD J. SULLIVAN,
> *Circuit Judges.*

———————————————————————————

Arvind Gupta,

> *Plaintiff-Appellant*,

> v.                                                                             20-3657

Headstrong, Inc., Genpact Limited,
Secretary of the United States Department
of Labor,

> *Defendants-Appellees*.

———————————————————————————

FOR PLAINTIFF-APPELLANT:        ARVIND GUPTA, pro se, New York, NY.

FOR DEFENDANTS-APPELLEES:       DANA G. WEISBROD, (Anna K. Broccolo, Leo Ernst, *on the brief*), Jackson Lewis, P.C., New York, NY (*for* Headstrong, Inc. and Genpact Limited);

Benjamin H. Torrance, Assistant U.S. Attorney, for Damian Williams, United States Attorney for the Southern District of New York, New York, NY (*for* the Secretary of Labor).

Appeal from a judgment of the United States District Court for the Southern District of New York (Abrams, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Arvind Gupta, proceeding pro se, appeals from (1) the denial of his motion for attorney's fees and litigation costs, and (2) the grant of attorney's fees to Defendants-Appellees Headstrong, Inc. and Genpact Limited (together "Headstrong"). With respect to Gupta's motion, the district court concluded that no statute or contract provided for attorney's fees, and that, in any

event, Gupta was not a prevailing party who would be entitled to attorney's fees or litigation costs.   As for Headstrong's motion for attorney's fees, the court found that Gupta and Headstrong entered into a settlement agreement in 2008 stating that Gupta would pay attorney's fees to Headstrong if he breached the settlement agreement by initiating further litigation, which is exactly what Gupta did.   We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review a district court's award of attorney's fees for abuse of discretion. *McDaniel v. County of Schenectady*, 595 F.3d 411, 416 (2d Cir. 2010).   An abuse of discretion occurs "when (1) the court's decision rests on an error of law (such as application of the wrong legal principle) or clearly erroneous factual finding, or (2) its decision – though not necessarily the product of a legal error or a clearly erroneous factual finding – cannot be located within the range of permissible decisions."   *Id.* (quoting *Kickham Hanley P.C. v. Kodak Ret. Income Plan*, 558 F.3d 204, 209 (2d Cir. 2009) (alteration omitted)).

The district court did not abuse its discretion by denying Gupta attorney's fees.   Under the "American rule," "[e]ach litigant pays his own attorney's fees, win or lose, unless a statute or contract provides otherwise."   *Peter v. Nantkwest*,

*Inc.*, 140 S. Ct. 365, 370 (2019). To determine whether Congress intended to depart from the American Rule presumption, we look first to the language of the statute at issue. *Id.* at 372. "Congress must provide a sufficiently 'specific and explicit' indication of its intent to overcome the American Rule's presumption against fee shifting." *Id.* (quoting *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 260 (1975)).

Gupta, who was hired by Headstrong on an H1-B visa,[1] principally alleged in his complaint that Headstrong failed to pay him wages he earned during the course of his employment there. Gupta argues that 8 U.S.C. § 1182(n)(2)(C)(i)(I), the provision of the statute that governs H1-B visas, permits him to obtain attorney's fees in pursuing any allegedly withheld wages. But, as the district court concluded, this provision does nothing of the sort. Instead, the statute permits the Secretary of Labor to impose "administrative remedies (including civil monetary penalties in an amount not to exceed $1,000 per violation) as the Secretary determines to be appropriate" for violations of the H1-B visa program. 8 U.S.C. § 1182(n)(2)(C)(i)(I). On its face, the statute does not provide that a *court*

---

[1] The H-1B visa program permits nonimmigrant foreign workers to work temporarily in the United States in "specialty occupation[s]." 8 U.S.C. §§ 1101(a)(15)(H)(i)(b), 1182(n).

may award attorney's fees, nor does it offer any "'specific and explicit' indication of its intent to overcome the American rule[.]" *Peter*, 140 S. Ct. at 372. The reference in the statute to "administrative remedies" is not sufficient to "invoke attorney's fees with the kind of clarity" required to depart from the American rule. *See id.* (concluding that a statute's reference to "expenses" was not sufficient to permit award of attorney's fees).

Gupta does not argue that any contractual provision provided him with the right to recover attorney's fees, nor could he. The 2008 settlement agreement executed by the parties provides that Gupta would pay "reasonable attorneys' fees" to Headstrong if Gupta breached the settlement agreement, App'x at 158, but it contains no parallel provision permitting Gupta to recover fees from Headstrong. Accordingly, Gupta cannot recover attorney's fees under any statute or contractual provision.

Nor did the district court abuse its discretion in denying litigation costs to Gupta. Gupta primarily argues that he was a prevailing party and was entitled to recover litigation costs. Under Federal Rule of Civil Procedure 54(d)(1), litigation costs other than attorney's fees "should be allowed to the prevailing party." But a plaintiff is the prevailing party in a litigation only when "he has

5

received a judicially sanctioned change in the legal relationship of the parties."

*CRST Van Expedited, Inc. v. E.E.O.C.*, 578 U.S. 419, 422 (2016) (internal quotation marks omitted). Usually, this occurs "when a plaintiff secures an enforceable judgment on the merits or a court-ordered consent decree." *Id.* (alterations omitted). But it can occur in other contexts, such as when the plaintiff secures a settlement of the litigation that grants him the same kind of relief he sought in the complaint. *See Lyte v. Sara Lee Corp.*, 950 F.2d 101, 103–04 (2d Cir. 1991).

Here, Gupta has not obtained any change in the relationship between Headstrong and himself that would merit an award of litigations costs. As the district court concluded, the parties have remained in the same positions throughout the entire litigation, with Headstrong refusing to pay any additional wages to Gupta after the settlement, and no administrative agency or court requiring Headstrong to do otherwise. And while Gupta is correct that a plaintiff may, in some circumstances, be deemed a prevailing party if he is involved in litigation that ends in a settlement, *see id.*, that authority is of no relevance here, since the 2008 settlement was executed *before* any of the litigation began. Consequently, the parties' relationship remained unchanged throughout the

administrative and court proceedings, such that Gupta is decidedly not a prevailing party entitled to costs.

Finally, the district court did not abuse its discretion in awarding attorney's fees to Headstrong under the parties' settlement agreement. "[P]arties may agree by contract to permit recovery of attorneys' fees, and a federal court will enforce contractual rights to attorneys' fees if the contract is valid under applicable state law." *McGuire v. Russell Miller, Inc.*, 1 F.3d 1306, 1313 (2d Cir. 1993). Although New York follows the American Rule, it permits parties to recover attorney's fees in a contract if the intention to provide for such fees "is unmistakably clear from the language of the [contract]." *Hooper Assocs., Ltd. v. AGS Computers, Inc.*, 74 N.Y.2d 487, 492 (1989). Here, the settlement agreement expressly stated that Gupta would pay any "reasonable attorneys' fees" incurred by Headstrong as a result of Gupta's breach of the settlement agreement. App'x at 158. Gupta clearly breached that agreement – which provided that Gupta would not subsequently sue or file any claims relating to unpaid wages – when he filed a Department of Labor complaint, followed by this federal lawsuit, in 2017. In light of that breach, Headstrong was entitled to attorney's fees under the terms of the agreement.

Gupta next argues that the district court abused its discretion in awarding fees to Headstrong because Headstrong is a wealthy company. When determining whether the requested amount of attorney's fees is reasonable, courts consider "the difficulty of the questions involved; the skill required to handle the problem; the time and labor required; the lawyer's experience, ability and reputation; the customary fee charged by the Bar for similar services; and the amount involved." *F.H. Krear & Co. v. Nineteen Named Trustees*, 810 F.2d 1250, 1263 (2d Cir. 1987) (internal quotation marks omitted). The district court appropriately applied these factors and did not abuse its discretion by imposing approximately $100,000 in attorney's fees.

We have considered all of Gupta's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

8